[No. C005569. Third Dist. Jan. 31, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
HOWARD JAY ENGQUIST, Defendant and Appellant.

**COUNSEL**

Marjorie Burch, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Jane N. Kirkland and Janine R. Busch, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CARR, J.**—A jury convicted defendant of possession of cocaine for sale. (Health & Saf. Code, § 11351.) Imposition of sentence was suspended and defendant was placed on probation for three years with the condition he serve one year in the county jail. On appeal, defendant contends: 1) he was denied presentence custody credits; and 2) the court erred under rule 433(b)[1] in failing to make factual findings which would justify imposition of the upper or lower term should probation be revoked.

With respect to custody credits the record discloses that defendant was in the county jail from May 14, 1987, until May 16, 1987. After his conviction (on July 29, 1988) defendant was sent to the Department of Corrections for a diagnostic study on August 22, 1988, and returned to the county jail on September 20, 1988. Defendant remained in the county jail until his sentencing on October 31, 1988. The total actual time of these dates is 74 days. The probation report erroneously indicates a sum total of 75 days, counting September 20 twice. Good time credits pursuant to Penal Code section 4019[2] would add 2 days for every 4 days of actual time, resulting in an additional 36 days of credit for a total of 110 custody credit days. The reporter's transcript does not show an actual calculation of credits by the court, but the probation order discloses 45 days of credit.

Defendant asserts he is entitled to the full 110 days of custody credits, which he erroneously calculates as 112 days. The People assert defendant is not entitled to good time credits for time spent at a diagnostic facility. The People err.

Section 1203.03, subdivision (g) provides: "Time spent by a defendant in confinement in a diagnostic facility of the Department of Corrections pursuant to this section or as an inpatient of the California Rehabilitation Center shall be credited on the term of imprisonment in state prison, if any, to which defendant is sentenced in the case." This statute itself does not specifically authorize good time, or even actual credits to defendant for time

---

[1] All rule designations are to the California Rules of Court.

[2] All statutory references to sections of an undesignated code are to the Penal Code.

spent at a diagnostic facility. However, reference must be made to sections 2900.5, subdivision (a) and 4019. Section 2900.5 authorizes presentence credit, including credit pursuant to section 4019, on defendant's term of imprisonment for time spent in custody, including but not limited to, time spent in jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution. Section 4019 in turn authorizes good time credits for time confined in a county jail following arrest and prior to imposition of sentence for a felony conviction. (§ 4019, subd. (a)(4).) Although section 4019 speaks of the "imposition of sentence," rule 405(f) states that the granting of probation and the suspension of imposition or execution of a sentence is a sentence choice. When the court suspends imposition of sentence and grants probation, it is only suspending imposition of a state prison sentence and not imposition of a sentence.

Interpreting sections 2900.5 and 4019 according to their usual and ordinary import (*People* v. *Serna* (1988) 203 Cal.App.3d 728, 731 [249 Cal.Rptr. 861]), defendant is entitled to good time credit for time spent at the diagnostic facility. Although no published case specifically so holds, several courts including this court, have assumed without discussion that a defendant gets credit for time spent at a diagnostic facility. In *People* v. *Duran* (1983) 147 Cal.App.3d 1186 [195 Cal.Rptr. 724], the court was faced with the question of whether a juvenile, remanded to the youth authority for an evaluation as to whether he should be placed in state prison or the youth authority, is entitled to good time credits for the diagnostic time spent at the youth authority should the minor be sent to state prison. (*Id.* at p. 1189.) The court concluded: "Because an adult confined in a DOC diagnostic facility before sentencing is entitled to conduct credits against his prison sentence for time spent at the facility, we conclude a juvenile remanded to YA for an amenability evaluation and then sentenced to prison also is entitled on equal protection grounds to conduct credits against his prison sentence for the diagnostic time spent at YA." (*Id.* at pp. 1192-1193.) (Accord *People* v. *Saldivar* (1984) 154 Cal.App.3d 111, 114-115 [201 Cal.Rptr. 60].)

In *People* v. *Garcia* (1987) 195 Cal.App.3d 191 [240 Cal.Rptr. 703], the defendant was placed at the California Youth Authority after spending both time in a county jail and time at a diagnostic facility pursuant to section 1203.03, but the Youth Authority commitment was subsequently recalled and the defendant was placed in state prison. This court had to determine whether the defendant was entitled to good time credit for the time spent at the county jail and the time spent at the diagnostic facility. (*Id.* at pp. 193-195.) We answered in the affirmative. "[Y]outhful offenders awaiting sentencing on felony charges do *accrue* conduct credit; whether they actually

receive it depends upon the decision whether to send them to the Youth Authority, in which event they do not, or to state prison, in which event they do." (*Id.* at p. 196.) "[T]he conduct credit which was *earned* during presentence custody and withdrawn only because the commitment was initially to the Youth Authority should be reinstated upon a subsequent state prison commitment." (*Id.* at p. 197, fn. omitted.) We thus concluded that defendant should have received conduct credit for time spent awaiting sentencing and undergoing the evaluation under section 1203.03. (*Ibid.*) Implicit in our holding is that offenders, whether youthful or adult, accrue good time credit for presentence time spent at a diagnostic facility pursuant to section 1203.03.[3]

The People contend that when, as here, defendant was granted probation as opposed to a state prison sentence, he should not be entitled to good time credit for time spent at a diagnostic facility. Under this reasoning defendant would not be entitled to any good time credit for the presentence time he spent physically confined at the county jail. Section 2900.5 does not distinguish between a state prison sentence and a county jail sentence as a condition of probation; the People's argument is without merit. We note further that defendant was still "confined" in the county jail when sent to a correctional facility for a diagnostic study. The mere transfer to a facility for a diagnostic study for the convenience of the court should not result in a denial of custody credits. Since defendant is statutorily entitled to conduct credits for time spent at the diagnostic facility, he is entitled to 110 days of credit.

■ As to defendant's rule 433(b) argument, the People improvidently concede error on this issue. Rule 433(b) provides: "If the imposition of sentence is to be suspended during a period of probation after a conviction by trial, the trial judge shall make factual findings as to circumstances which would justify imposition of the upper or lower term if probation is later revoked, based upon evidence admitted at the trial." Defendant contends no findings were made. Defendant errs.

In the court's decision to grant probation, it made the following findings: Defendant has a prior conviction, the psychological evaluation indicates that defendant is not a substantially good risk for probation, defendant has exhibited an inability to control himself with alcohol, the dismissed charge would have indicated a state prison sentence, a small quantity of cocaine was involved, and defendant was not the sole perpetrator as his wife was

---

[3] This case is not like those cases when conduct credits are denied for treatment at a state hospital because one is found incompetent to stand trial, or for that matter, incompetent to stand sentencing, pursuant to sections 1367-1370. (*People* v. *Waterman* (1986) 42 Cal.3d 565, 571, fn. 4 [229 Cal.Rptr. 796, 724 P.2d 482].)

also involved. These findings would be relevant to a subsequent court, if probation is revoked, in determining whether to grant defendant the lower, middle, or upper term of imprisonment. (See rules 421, 423 and 408.) When relevant factual findings are made, remand is unnecessary as the court can make findings explicitly tailored towards imposition of the upper or lower term if probation should be revoked.

The judgment of conviction is affirmed. The parties do not contest the probation officer's calculation of time defendant spent in custody and therefore there is no need to remand for a determination of defendant's custody credits. Defendant is entitled to 110 days credit consisting of 74 actual days and 36 good time credits. The trial court is directed to amend the abstract of judgment and the probation order to reflect 110 days of custody credits and to forward copies to the appropriate authorities.

Blease, Acting, P. J., and Marler, J., concurred.