[No. C003940. Third Dist. Nov. 28, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH LEE GOODSON, Defendant and Appellant.

COUNSEL

Albert W. Brodie and Steven Meinrath, under appointments by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, W. Scott Thorpe and Janine R. Busch, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SPARKS, Acting P. J.—Defendant was convicted on his guilty plea of one count of grand theft from the person of another. (Pen. Code, § 487, subd. 2.)[1] He was sentenced to serve 16 months in prison and received presentence custody credit for 15 days of actual custody and 8 days of work/conduct credits. (§§ 2900.5, 4019.) On appeal defendant asserts claims for various additional periods of credits. We find merit in one and will therefore order additional credits awarded.

FACTS

Defendant committed the present offense on September 12, 1987. He was arrested for that offense on September 13, 1987. At that time defendant had been released on his own recognizance pending resolution of charges in an unrelated case, No. 2274. On September 28 he was sentenced to serve nine months in jail on those charges. Defendant entered his plea in this case on October 13.

A condition of defendant's plea agreement in this case was that he would be referred to a Department of Corrections diagnostic facility for presentence evaluation. (§ 1203.03.) The court issued an order committing defendant to that facility on October 15. He was released back to the custody of the Plumas County Sheriff on January 4, 1988.

Defendant was sentenced in this case on February 16, 1988. The court found defendant entitled to 15 days of actual custody credit, presumably for the September period of custody before defendant was sentenced on his other charges.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

Defendant makes two claims for custody credits. He contends first that he is entitled to credit for the entire period between his arrest and sentencing in this case. As a fallback position defendant seeks credit for the period during which he was being evaluated in the diagnostic facility. ■ ■ ■ ■ We find merit in only this latter claim.[2]

■ Defendant is not entitled to credit either for the period between his sentencing on the unrelated charges and his section 1203.03 commitment or between his release from that commitment and his sentencing in this case. This is because defendant could not have been free from custody during those periods even apart from the charges in this case since he was serving a jail sentence for case No. 2274 during that time.

A defendant is not entitled to presentencing credit for a period of custody already credited against a sentence imposed for unrelated charges where the defendant cannot show he or she would have been at liberty during that period but for a restraint imposed in connection with the later-sentenced conviction. (§ 2900.5, subd. (b); *In re Joyner* (1989) 48 Cal.3d 487, 489, 492 [256 Cal.Rptr. 785, 769 P.2d 967].) *Joyner* is the controlling authority on this point, negating the effect of lower court opinions cited by defendant which might suggest a contrary result. (See *In re McCarthy* (1986) 184 Cal.App.3d 827 [229 Cal.Rptr. 286]; *People* v. *Cornett* (1985) 165 Cal.App.3d 752 [212 Cal.Rptr. 24]; *People* v. *Schaaf* (1983) 150 Cal.App.3d 45 [197 Cal.Rptr. 458].)[3]

■ Defendant is entitled to credit, however, for the period he spent at the diagnostic facility in connection with the charges in this case. This is because subdivision (g) of section 1203.03 specifically authorizes credit for time spent in a diagnostic facility.[4]

The People contend *Joyner, supra,* 48 Cal.3d 487 and *In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789], prohibit awarding

---

[2] Defendant's brief indicates he has been released on parole. This does not render this appeal moot as receiving additional custody credits would give defendant an earlier constructive release date and shorten his parole period. (*People* v. *Harris* (1987) 195 Cal.App.3d 717, 720 [240 Cal.Rptr. 891].)

[3] This court has also previously rejected the rationale and results of those cases. (*People* v. *Davis* (1986) 187 Cal.App.3d 1250, 1255-1256 [232 Cal.Rptr. 428].) The Fifth Appellate District, which authored *Cornett* and *Schaaf,* also rejected those decisions and *McCarthy* in *People* v. *Adrian* (1987) 191 Cal.App.3d 868, 879, 881 [236 Cal.Rptr. 685].)

[4] Defendant first raised the issue of his entitlement to credits under section 1203.03 in his reply brief. We therefore permitted the People to submit a supplemental brief on this question.

defendant these credits. The People's position is that these cases flatly bar giving credits against a subsequently imposed sentence for presentencing time which is served during and credited against a sentence previously imposed on unrelated charges. The People point out these cases interpret section 2900.5, a credit statute, to bar credits in this situation. As section 1203.03, subdivision (g) is a credit statute, the People reason section 1203.03 should be similarly interpreted.

Neither *Joyner* nor *Rojas* resolves the question presented here because those cases both explicitly interpreted specific language in section 2900.5 not contained in section 1203.03. Section 2900.5, subdivision (b), authorizes presentence credit *"only* where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (Italics added.) Section 1203.03, subdivision (g), the section under which credit is sought here, states "Time spent by a defendant in confinement in a diagnostic facility of the Department of Corrections pursuant to this section . . . *shall be credited* on the term of imprisonment in state prison, if any, to which defendant is sentenced in the case." (Italics added.)

█ *Rojas* held: "Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty." (23 Cal.3d at p. 156.) And the opinion in *Joyner* stated it was addressing the question of "when custody is 'attributable to proceedings related to the same conduct for which the defendant has been convicted' within the meaning of section 2900.5, subdivision (b). [¶] We hold that a period of time previously credited against a sentence for unrelated offenses cannot be deemed 'attributable to proceedings' resulting in a later-imposed sentence unless it is demonstrated that the claimant would have been at liberty during the period were it not for a restraint relating to the proceedings resulting in the later sentence." (48 Cal.3d at p. 489.) █ As section 1203.03 does not contain the limiting language of section 2900.5, cases interpreting the latter statute are not controlling in defining the meaning of the former one. Section 1203.03 plainly authorizes the credits under discussion here.

The People also argue we should read into section 1203.03 an implied exception where a defendant is already serving a sentence when referred for evaluation because without such an exception the recidivist evaluee gains an advantage over the first time offender by receiving credit against two sentences for the same period of custody. Doing so would contravene established principles of statutory construction. █ Generally where a statute sets a general rule without stating exceptions a court may not add them. The courts may not insert qualifying provisions not intended by the

Legislature. (*Burnsed* v. *State Bd. of Control* (1987) 189 Cal.App.3d 213, 217 [3rd Dist) 189 Cal.App.3d 213 [234 Cal.Rptr. 316].) A court may not read an exception into a statute unless it must be implied in order not to violate an established rule of public policy. (*Webb* v. *Miller* (1986) 187 Cal.App.3d 619, 627 [232 Cal.Rptr. 50].)

 Although the People have pointed out recidivists will receive "dual credits" under our interpretation of the statute a different inequity results if the People's proposed exception is adopted. Barring credit to a person already serving a previously imposed sentence who receives a concurrent sentence on the new crime after diagnostic evaluation would deprive that defendant of a period of concurrence, effectively lengthening the second sentence. A defendant who receives the challenged "benefit" is actually gaining no advantage which he or she would not otherwise receive if concurrently sentenced on the subsequent offense. As the Legislature has, by failing to state any exceptions to the general rule awarding credits, apparently adopted one inequity over the other, we will not modify the statute by interpretation as the People suggest.

We will therefore order that defendant receive 82 days of actual custody credits for the period between October 15 and January 4. Defendant was previously awarded 15 days of actual custody credits and was therefore entitled to a total of 97 days. In conjunction with those credits defendant should have received 48 days of work/conduct credits for a total of 145 days. (§ 4019; *People* v. *Bravo* (1990) 219 Cal.App.3d 729, 734-735 [268 Cal.Rptr. 486]; *People* v. *Enquist* (1990) 218 Cal.App.3d 228 [267 Cal.Rptr. 17]; *People* v. *Smith* (1989) 211 Cal.App.3d 523, 527 [259 Cal.Rptr. 515].)

That portion of the judgment awarding credits is set aside. The cause is remanded to the superior court with direction to amend the abstract of judgment to indicate defendant was awarded 97 days of actual custody credits and 48 days of work/conduct credits. A certified copy of the amended abstract should then be forwarded to the agency currently supervising defendant. The judgment is affirmed in all other respects.

Marler, J., and Davis, J., concurred.