139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David M. FINK, Petitioner-Appellant,
v.
James GOMEZ, Director, of California Dept. of Corrections,
Respondent-Appellee.
 No. 97-55716.
D.C. No. CV-96-02652-JSL.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Submitted February 9, 1998.**
 
 Appeal from the United States District Court for the Central District of California J. Spencer Letts, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 David Fink was involved in an altercation with correctional officers in the holding cell of the receiving and release area at the California Institute for Men in Chino. Prison officials subsequently placed Fink in administrative segregation pending the outcome of a disciplinary hearing. The hearing officer, Lieutenant W .L. Jennings, determined that Fink had initiated the altercation by grabbing a corrections officer. Fink lost 150 behavioral credits as a result. Fink sought to recover the credits by filing a habeas petition challenging the procedural propriety of the disciplinary hearing. We now review de novo the district court's denial of Fink's petition, see Dyer v. Calderon, 113 F.3d 927, 933 (9th Cir.1997), and reverse.
 
 II.
 
 3
 The facts are known to the parties. We will repeat them here only as necessary.
 
 III.
 
 4
 Fink's account of the altercation is that several prison officers beat him without sufficient provocation, and that they continued to beat him even after they had placed him in handcuffs. Inmate Edmundo Gamez was standing next to Fink when the altercation started. Fink asked Jennings to permit Gamez to testify at the disciplinary hearing, apparently believing that Gamez would corroborate his account. Jennings denied Fink's request pursuant to a prison policy that prevented all inmates in administrative segregation from calling other inmates to testify at disciplinary hearings. We agree with the district court that such a blanket policy violates due process. See Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir.1996).
 
 
 5
 We do not agree, however, that the violation was harmless. The district court reasoned that Gamez's testimony would not have materially altered or added to the information that was already before Jennings because a corrections officer interviewed Gamez and provided Jennings with a brief written summary of that interview. The complete interview summary was as follows:
 
 
 6
 The officer was throwing away I/M's Finks [sic] property and Fink put his hand down to tell him to stop. When [the officer] grabbed him, they both fell down. [ Another officer] came in and started hitting I/M Fink in the legs.
 
 
 7
 Gamez subsequently provided a fifty-two page deposition during the course of Fink's related civil rights complaint. The deposition described the events surrounding the altercation in detail. Gamez stated that Fink objected when a prison officer took Fink's personal property, but that Fink was neither disrespectful nor forceful. The prison officer nevertheless attacked Fink. Other officers joined in the beating, which continued even after Fink was handcuffed. Without deciding whether Gamez was truthful, we conclude that the brief written summary was not a sufficient substitute for his testimony. Moreover, Gamez's testimony might have persuaded Jennings because his account was virtually identical to Fink's account, even though the two men had no opportunity to collude. Thus, we conclude that the absence of Gamez's testimony had a substantial and injurious influence on the result of the disciplinary hearing and, therefore, was not harmless. See Kotteakos v. United States, 328 U.S. 750, 764-65, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). Accordingly, we reverse the judgement of the district court and remand for issuance of the writ with such conditions as the district court deems appropriate.[1]
 
 IV.
 
 8
 We need not consider Fink's other claims. The district court's order is
 
 
 9
 REVERSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Fink is now paroled, the case is not moot because the behavioral credits can be applied to shorten the length of his parole term. See People v. Goodson, 226 Cal.App.3d 277, 280 n. 2, 277 Cal.Rptr. 60 (Cal.Ct.App.1990)