Filed 12/10/13  P. v. Davis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C070350 |
| v. | (Super. Ct. No. NCR82978) |
| BEN RICHARD DAVIS, | |
| Defendant and Appellant. | |

In exchange for the dismissal of additional charges and special allegations, defendant Ben Richard Davis pled guilty to receiving stolen property.  This crime is not a serious felony within the meaning of Penal Code[1] section 1192.7, subdivision (c), or a violent felony within the meaning of section 667.5, subdivision (c).  Defendant also admitted two prior strike convictions, and was sentenced to prison for a 25-year-to-life term.

In his original appellant's brief, defendant raises two contentions of error:  (1) the trial court miscalculated his presentence custody credits; and (2) the trial court erred in imposing a court facilities fee of $35.  Both contentions are conceded by the People.  We agree with the parties.

---

[1]     Undesignated statutory references are to the Penal Code.

1

While this appeal was pending, defendant submitted a supplemental appellant's brief, asking us to vacate his three-strikes sentence and to automatically resentence him to a determinate sentence pursuant to Proposition 36 (the Three Strikes Reform Act of 2012). Based on the reasons stated by the court in *People v. Yearwood* (2013) 213 Cal.App.4th 161 (*Yearwood*), we reject defendant's arguments.

### *Calculation of Presentence Credits*

Defendant challenges the trial court's calculation of presentence credits. The trial court awarded him 77 days of actual custody credit, plus 15 days' conduct credits. In so doing, the court explained its award of conduct credits is limited to 20 percent, by virtue of section 1170.12, subdivision (a)(5). We agree with the parties that this reading of section 1170.12 is error. Section 1170.12, subdivision (a)(5), does not address the accrual of presentence credits; it limits to 20 percent the accrual of credits *after* "defendant is physically placed in the state prison." The calculation of presentence credits is governed instead by section 4019, subdivision (f), and the fact defendant was sentenced under the three strikes law does not limit his right to accrue presentence credits unless the applicable statute so provides. (See *People v. Lara* (2012) 54 Cal.4th 896, 906; *People v. Hill* (1995) 37 Cal.App.4th 220, 227.)

The parties ask that we remand the matter for the trial court to recalculate defendant's presentence credits. Here, however, there is no need to remand for a determination of defendant's credits. (*People v. Engquist* (1990) 218 Cal.App.3d 228, 233.) Defendant committed his crime in November 2011, pled guilty in December 2011, and was sentenced in February 2012. The current version of section 4019, which became effective October 2, 2011, therefore applies. (§ 4019, subd. (h).) The parties agree with the probation officer's calculation of the time defendant spent in custody (77 days) and, section 4019 states defendant is entitled to presentence conduct credits equal to the number of days he spent in actual presentence custody. (§ 4019, subd. (f).) We direct the trial court to amend the judgment to provide for 77 days of conduct credit.

2

## *Court Facilities Fee*

The parties are correct the trial court erred in imposing a court facilities fee of $35 under Government Code section 70373.  Subdivision (a)(1) of that statute provides in relevant part:  "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense, including a traffic offense . . . .  The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony and in the amount of thirty-five dollars ($35) for each infraction."  Because defendant was convicted of a felony, the court facilities fee should have been $30, not $35.

## *Resentencing Under Proposition 36*

Defendant asks this court to vacate his three-strikes sentence and to resentence him to a determinate sentence.  Defendant contends that in light of the voter's approval of Proposition 36 on November 6, 2012 (codified as §§ 667, 1170.12 and 1170.126), and the principles established in *In re Estrada* (1965) 63 Cal.2d 740, he is entitled to automatic, nondiscretionary resentencing.  Under *Estrada*, a legislative amendment that lessens criminal punishment is presumed to apply to all cases not yet final (the Legislature having deemed its former penalty too severe) unless there is a "saving clause" providing for prospective application.  (*Id*. at pp. 742, 745, 748.)  The People oppose defendant's request.

In January 2013, the Court of Appeal, Fifth Appellate District, rejected the same arguments defendant raises in his supplemental brief.  (*Yearwood, supra,* 213 Cal.App.4th 161.)  In *Yearwood*, the court held the *Estrada* rule does not apply to Proposition 36 because section 1170.126 operates as the functional equivalent of a "saving clause" and defeats the presumption of retroactivity.  The court held that the voters intended a petition for recall of sentence to be the sole remedy available for prisoners who were serving an indeterminate life sentence imposed under the former three strikes law on Proposition 36's effective date without regard to the finality of

3

judgment. (*Id.* at pp. 171-172.) Moreover, the court held the new Proposition 36 cannot be interpreted to require automatic resentencing. (*Id.* at pp. 176.) For the reasons stated in *Yearwood*, we reject the contentions of defendant's supplemental brief.**2**

## DISPOSITION

The judgment of conviction is affirmed. The trial court shall amend the judgment to reduce the court facilities fee to $30, and to award defendant 77 days' conduct credit. The court shall prepare an amended abstract of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


      HOCH    , J.


We concur:


   NICHOLSON   , Acting P. J.


     MURRAY   , J.

---

**2**     We note this issue is currently pending before the California Supreme Court. (*People v. Conley* (2013) 215 Cal.App.4th 1482; *People v. Lewis* (2013) 216 Cal.App.4th 468.)