Filed 6/20/23  P. v. Ceballos-Rodriguez CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>IXCOATL CEBALLOS–RODRIGUEZ,<br><br>        Defendant and Appellant. | A164326<br><br>(Contra Costa County Super. Ct. No. 1-196539-1) |

Effective January 1, 2022, the determinate sentencing law, Penal Code section 1170, was amended in several fundamental ways.  As relevant here, the law now specifies that the lower term is the presumptive term if either certain types of trauma or the defendant's youth was a contributing factor in the commission of the offense.  (§ 1170, subd. (b)(6).)

Defendant Ixcoatl Ceballos-Rodriguez was sentenced in December 2021, before the new law came into effect.  His only contention on appeal is that he is entitled to resentencing under Penal Code section 1170 as amended, and his case should be remanded for that purpose.  The Attorney General argues remand is not necessary in the circumstances of this case. We will remand for resentencing under the amended law.

1

## BACKGROUND

A jury found defendant guilty of 10 offenses: one count of misdemeanor fleeing a pursuing peace officer's motor vehicle (Veh. Code, § 2800.1, subd. (a)), four counts of driving a vehicle without consent (*id.*, § 10851, subd. (a)), two counts of fleeing a pursuing peace officer's vehicle while driving recklessly (*id.*, § 2800.2), two counts of fleeing a peace officer's vehicle while driving against traffic (*id.*, § 2800.4), and one count of misdemeanor false imprisonment (Pen. Code,[1] § 236).

At the sentencing hearing on December 3, 2021, the court sentenced defendant to two years and eight months in state prison. The sentence was composed of a middle term of two years for one count of fleeing a peace officer's vehicle while driving against traffic and a consecutive term of eight months (one-third the middle term) for one count of driving a vehicle without consent. Punishment for the remaining counts was either imposed to run concurrently or stayed under section 654.

## DISCUSSION

A.   *Changes to Section 1170*

At the time defendant was sentenced, section 1170 gave the trial court broad authority to select a principal term from the applicable statutory triad (lower, middle, or upper term) that "in the court's discretion, best serve[d] the interests of justice." (Former § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 15.)

Effective January 1, 2022, however, section 1170, was amended to add subdivision (b)(6) (§ 1170(b)(6)).[2] This subdivision provides in relevant part,

---

[1] Further undesignated statutory references are to the Penal Code.

[2] The parties both refer to Assembly Bill No. 124 (2021–2022 Reg. Sess.) as the legislation that added section 1170(b)(6). Technically, however,

"the court *shall* order imposition of the *lower term*" if (1) the defendant either "has experienced psychological, physical, or childhood trauma" or is a "youth" and (2) the circumstance (of trauma or youth) "was a contributing factor in the commission of the offense" "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170(b)(6)(A) and (B), italics added.) A "youth" for purposes of the statute is "any person under 26 years of age on the date the offense was committed." (§§ 1016.7, subd. (b); 1170(b)(6)(B).)

Defendant was 24 years old at the time of the offenses. There was also evidence in the record suggesting defendant had experienced physical trauma. At sentencing, a therapist who worked with defendant testified that defendant was "a victim of community violence," and an intervention specialist who worked with defendant testified that he was stabbed in October 2019.

B. *Analysis*

The parties agree that section 1170(b)(6) applies retroactively to defendant's case. (See *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 (*Flores*) [amendments to section 1170 are "an ameliorative change in the law applicable to all nonfinal convictions on appeal"].) The usual remedy in this circumstance is to remand the matter for the trial court to resentence the defendant under the current version of section 1170. (E.g., *id*. at pp. 1034–1035.)

---

it was Senate Bill No. 567 (2021–2022 Reg. Sess.) that effectively amended section 1170. (See *People v. Jones* (2022) 79 Cal.App.5th 37, 44, fn. 11.)

## 1. The Appeal is Not Moot

The Attorney General, however, argues remand is unnecessary in this case because the appeal is moot. An appeal becomes moot when events have rendered it impossible for an appellate court to grant effective relief. (*Becerra v. McClatchy Co.* (2021) 69 Cal.App.5th 913, 927, fn. 4.) "Generally, the burden is on the party claiming mootness to establish that an appeal is moot." (*Ibid.*)

The Attorney General asserts defendant is no longer in custody and therefore it is not possible for this court to grant effective relief. Defendant responds the appeal is not moot because he remains on parole until March 2024. We agree with defendant.

"A criminal case should not be considered moot where a defendant has completed a sentence where . . . the sentence may have 'disadvantageous collateral consequences.'" (*People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368–1369.) Here, defendant is still on parole, and if he violates the terms of his parole, he would again be exposed to a state prison sentence. (See *id.* at p. 1369.) If this court grants defendant relief by remanding the matter for resentencing, it is possible defendant would receive a shorter sentence, which, in turn, would affect the length of time defendant would remain on parole. In this circumstance, the appeal is not moot. (See *ibid.*; *People v. Goodson* (1990) 226 Cal.App.3d 277, 280, fn. 2 [where the defendant was on parole, his appeal seeking additional custody credits was not moot because "receiving additional custody credits would give defendant an earlier constructive release date and shorten his parole period"].)

## 2. Remand is Appropriate

Next, the Attorney General argues remand is not necessary because the reporter's transcript of the sentencing hearing clearly indicates the trial court

would reach the same sentence if it applied section 1170(b)(6). We are not persuaded. While the trial court rejected defendant's request for probation, it also found the prosecution's request for a sentence of five years, eight months in prison to be "a bit draconian and not warranted by the facts here." Because section 1170(b)(6) was not in effect then, we do not know what defendant would have argued or offered as evidence regarding trauma and youth if the law had been in effect when he was sentenced. Nor can we infer how the trial court would have viewed the offenses under the new presumption of a lower term where trauma or youth contributed to their commission. Under this circumstance, it is appropriate to remand to allow defendant to offer argument and evidence and the trial court to select a sentence under the new law in the first instance. (*Flores*, *supra*, 73 Cal.App.5th at p. 1039.)

## DISPOSITION

The sentence is vacated and the matter is remanded to the trial court to sentence defendant under section 1170 as amended.

_____
Miller, J.

WE CONCUR:


_____
Richman, Acting P.J.


_____
Markman, J.[*]


A164326, *People v. Ceballos-Rodriguez*


_____

[*] Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.