[No. D010554. Fourth Dist., Div. One. Feb. 25, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
ALPHONSO BENNETT GIBBS, Defendant and Appellant.

COUNSEL

John A. Howell, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Lilia E. Garcia and David F. Taglienti, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WORK, J.**—Alphonso Bennett Gibbs appeals a judgment convicting him of selling cocaine (Health & Saf. Code, § 11352). **(1)** The dispositive issue on appeal is whether the court erred in denying Gibbs custody credits for the 88 days[1] he was committed for sentencing evaluation to the California Department of Corrections diagnostic facility. We conclude Gibbs is entitled to such credits against this prison sentence under the mandatory provisions of Penal Code[2] section 1203.03, subdivision (g), even though he simultaneously earned equivalent credits against a previously imposed sentence in an unrelated case for which he was serving a jail term as a condition of probation. Accordingly, we reverse that part of the judgment denying custody credits for the diagnostic confinement and direct the trial court to amend the abstract of judgment to reflect that credit. In all other respects, the judgment is affirmed.

I

On January 13, 1989, two days after he commenced serving a three hundred and sixty-five day sentence as a condition of probation in case No.

---

[1] Gibbs was committed to the diagnostic facility April 4, 1989, and returned to court with an adverse evaluation July 20, 1989.

[2] All statutory references are to the Penal Code unless otherwise specified.

CR97494, Gibbs was arrested on this case, No. CR101631, for selling cocaine (Health & Saf. Code, § 11352) and possessing a cocaine base for sale (Health & Saf. Code, § 11351.5). On March 24, Gibbs withdrew his plea of not guilty and pled guilty to selling cocaine. The remaining counts and allegations were dismissed. On April 24, the court referred Gibbs to the Department of Corrections for a diagnostic evaluation pursuant to section 1203.03. After submission of the written evaluation, a supplemental probation report was filed recommending a four-year prison term consistent with the recommendations of the original probation report. On July 20, Gibbs was sentenced to four years and the trial court denied him credit for any presentence custody against that sentence, reasoning that to do so would impermissibly duplicate credits earned against the earlier imposed sentence in case No. CR97494. The trial court revoked probation, imposed a two-year concurrent midterm in No. CR97494 and awarded custody credits for a period including the time Gibbs was committed to the diagnostic facility.[3] The court then imposed concurrent sentences on the remaining cases in which Gibbs admitted violating terms of probation.

## II

Section 1203.03, subdivision (g) explicitly provides for awarding custody credits against a prison term later imposed for the case underlying the defendant's commitment for diagnostic evaluation. Section 1203.03 states in part:

"(a) In any case in which a defendant is convicted of an offense punishable by imprisonment in the state prison, the court, if it concludes that a just disposition of the case requires such diagnosis and treatment services as can be provided at a diagnostic facility of the Department of Corrections, may order that defendant be placed temporarily in such facility for a period not to exceed 90 days, with the further provision in such order that the Director of the Department of Corrections report to the court his diagnosis and recommendations concerning the defendant within the 90-day period.

". . . . . . . . . . . . . . . . . . .

"(g) Time spent by a defendant in confinement in a diagnostic facility of the Department of Corrections pursuant to this section or as an inpatient of the California Rehabilitation Center shall be credited on the term of imprisonment in state prison, if any, to which defendant is sentenced in the case."

---

[3] Although he was not in violation of the probation granted on January 11, Gibbs elected to exercise his right to be sentenced to prison on that matter.

Section 2900.5 also contains provisions governing the award of certain presentence custody credits. It states in pertinent part:

"(a) In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including but not limited to any time spent in a jail, . . . rehabilitation facility, hospital, . . . all days of custody of the defendant, including days served as a condition of probation . . . and . . . credited to the period of confinement pursuant to Section 4019, shall be credited upon his term of imprisonment . . . .

"(b) For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted . . . ."

Section 1203.03 addresses the award of presentence conduct credits specifically in the context of persons who have been committed to facilities operated by the Department of Corrections. In this regard it differs from the later-enacted, general provisions of section 2900.5 for preprison sentencing confinements in institutions not operated by the Department of Corrections. As to presentence commitments governed by section 2900.5, the Legislature stated: *"For the purposes of this section,* credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (Italics added; § 2900.5, subd. (b).) Although there is no equivalent restriction in section 1203.03, the People, without citation to authority, argue the propriety of awarding custody credits to Department of Corrections facilities listed in that section is governed by the provisions of section 2900.5 as interpreted by the Supreme Court in *In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789]. We find the People's argument unpersuasive for the following reasons.

There was no statutory authority for award of any presentence custody credits against a subsequent term of imprisonment before the amendment of section 1203.03, subdivision (f), effective September 17, 1965, to mandate such credits for time committed to a Department of Corrections diagnostic facility. This subdivision (now subd. (g)) was amended in 1975 to also mandate similar credits for commitments to the California Rehabilitation Center, another facility operated by the California Department of Corrections. (Welf. & Inst. Code, § 3300 et seq.) Thus, unlike the credits for confinements to facilities listed in section 2900.5, credits against a later-imposed prison sentence mandated by section 1203.03 accrue only during commitments to the Department of Corrections. In short, the custody credits Gibbs now seeks were earned during an earlier Department of Correc-

tions commitment in the same case to which he was later sentenced to the Department of Corrections.

The People do not attempt to distinguish between types of commitments addressed in section 1203.03 and those covered by section 2900.5 which became effective March 4, 1972. (Generally see discussion in *In re Kapperman* (1974) 11 Cal.3d 542, 547-550 [114 Cal.Rptr. 97, 522 P.2d 657].) Without citation to authority, they simply argue section 2900.5 precludes credits in this case because of the Supreme Court's interpretation of the restrictive language of section 2900.5, subdivision (b) in *In re Rojas, supra,* 23 Cal.3d 152. In *Rojas,* the court addressed a fact situation in which a defendant serving a prison term for manslaughter was charged, tried, convicted and sentenced to a concurrent prison term for an unrelated murder. In denying the defendant presentence credits against the murder sentence, the Supreme Court looked to the language of section 2900.5, subdivision (b) and held the presentence detention on the murder charge was not "attributable" to that case because of the mandatory incarceration of the concurrent manslaughter sentence. "Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty." (*In re Rojas, supra,* 23 Cal.3d at p. 156.) Thus, that court held, for the purpose of awarding section 2900.5 presentence custody credits, "[t]he sensible inference is that a defendant is not to be given credit for time spent in custody if during the same period he is already serving a term of incarceration." (*Id.* at pp. 155-156; reaffirmed in *In re Joyner* (1989) 48 Cal.3d 487, 491-492 [256 Cal.Rptr. 785, 769 P.2d 967].)

In *Rojas,* the defendant sought presentence custody credits for time while he was held in custody awaiting trial and sentencing for a crime for which he had not yet been committed to the Department of Corrections, but was under sentence to prison on an earlier conviction. The Supreme Court resolved Rojas's issue by historically reviewing the legislative purpose behind section 2900.5, finding it originally to have been directed toward eliminating unequal treatment of indigent defendants who served longer overall confinement than others because of an inability to post bail. The court found the legislative purpose behind section 2900.5, to provide equal treatment for all persons held in presentence custody, was not offended by denying section 2900.5 credits to persons whose right to seek release from presentence custody was not foreclosed because of a sentencing commitment based on a separate conviction. In such cases, to give them would be inconsistent with the court's interpretation of the restrictive language of section 2900.5, subdivision (b). It stated:

"We conclude that the proper interpretation of Penal Code section 2900.5 denies defendant the credit he seeks.

". . . Defendant's chief semantic argument is that because subdivision (b) of section 2900.5 does not read '*exclusively* attributable to proceedings' he should be granted the credit he seeks. He is in error. Although the word 'exclusively' does not appear, it is clearly provided that credit is to be given 'only where' custody is related to the 'same conduct for which the defendant has been convicted.'" (*In re Rojas, supra,* 23 Cal.3d at p. 155.) Because *Rojas* bases its holding solely on an interpretation of a statutory limitation to credits made available under section 2900.5, it is not authority for the People's proposition on the facts of this case.

More succinctly phrased, there is no counterpart to section 2900.5, subdivision (b) in section 1203.03. This is consistent with an apparent legislative intent that all time spent by defendants under commitments to the Department of Corrections in a particular case should be credited on their prison sentences. Any other result would have the practical effect of lengthening the prison term for a period equivalent to the time the defendant spent in the diagnostic facility while being evaluated for the benefit of the sentencing court. (See discussion in *Bennett* v. *Procunier* (1968) 262 Cal.App.2d 799, 800 [69 Cal.Rptr. 116].) It is not as if this result favors a defendant. A defendant in such circumstances will only serve the same length of time as those sentenced directly to prison on the initial date of sentencing.

That part of the judgment denying Gibbs's presentence credit for the time he spent in the diagnostic facility for No. CR101631 is reversed and the trial court is directed to amend the abstract of judgment consistent with this opinion providing Gibbs with custody and any section 4019 conduct credits.[4] earned while committed to the diagnostic facility and to forward a copy thereof to the Department of Corrections. In all other respects, the judgment is affirmed.[5]

Kremer, P. J., and Wiener, J., concurred.

---

[4] See *People* v. *Engquist* (1990) 218 Cal.App.3d 228, 232 [267 Cal.Rptr. 17].
[5] In light of our disposition, we do not address Gibbs's remaining contentions.