[No. B060736. Second Dist., Div. Five. Mar. 17, 1992.]

In re JOHN PAUL BUSTOS on Habeas Corpus.

**COUNSEL**

Lorraine L. Loder, under appointment by the Court of Appeal, for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, and Marc E. Turchin, Deputy Attorney General, for Respondent.

**OPINION**

**TURNER, P. J.—**

### I. INTRODUCTION

In conjunction with his direct appeal, John Paul Bustos (defendant) has filed a petition for writ of habeas corpus seeking presentence credit served

pursuant to Penal Code section 2900.5. Because we determine, pursuant to the decision of our Supreme Court of *In re Joyner* (1989) 48 Cal.3d 487, 489, 493-495 [256 Cal.Rptr. 785, 769 P.2d 967], that defendant's presentence custody was due in part to an arrest warrant issued by the Board of Prison Terms prior to his arrest in this case, the trial court correctly denied any presentence credit.

## II. PROCEDURAL AND FACTUAL MATTERS

Defendant was paroled from the state penitentiary on February 12, 1989, where he was serving a sentence for robbery. On January 22, 1990, defendant's parole was suspended effective December 12, 1989, for failure to report to his parole officer and an arrest warrant was issued pursuant to Penal Code section 3060 and title 15, California Code of Regulations, section 2711.[1] On June 23, 1990, defendant was arrested by Downey police officers in possession of a firearm. On June 24, 1990, a parole hold was placed against defendant, who was in Downey police custody. Defendant was charged with being an ex-convict in possession of a firearm in violation of Penal Code section 12021, subdivision (a). On July 2, 1990, defendant's parole agent recommended defendant's parole be reinstated but that the parole hold remain in place. On July 3, 1990, pursuant to title 15, California Code of Regulations, section 2636, defendant's parole agent's supervisor approved the request that the parole hold remain in effect.[2] Defendant pled guilty on July 5, 1990, and was sentenced to three years in state prison. At the time of sentencing, no formal parole revocation hearings had yet been scheduled. The trial court denied the request for any presentence credit because the parole hold was lodged independently of the charge of which he was convicted. On July 11, 1990, defendant's parole was revoked and he was

---

[1]Penal Code section 3060 provides: "The Board of Prison Terms shall have full power to suspend or revoke any parole, and to order returned to prison any prisoner upon parole. The written order of any member of the Board of Prison Terms shall be a sufficient warrant for any peace or prison officer to return to actual custody any conditionally released or paroled prisoner." Title 15, California Code of Regulations, section 2711 provides: "When the Regional Administrator or the Interstate Unit submits a parole violation report charging that a parolee has absconded or otherwise violated the conditions of parole the board at the central office calendar may decide to order parole suspended. If parole is suspended, the board shall issue a warrant. The warrant shall be signed by a commissioner of the board."

[2]The relevant portions of title 15, California Code of Regulations, section 2636 state as follows: "(a) Case Conference. After placement of a parole hold or discovery of information indicating a possible violation of parole, a case conference shall be held to determine if the violation shall be reported to the board as required by Section 2616. If the decision is that the violation must be reported to the board, the parole agent shall prepare a parole violation report. [¶] (b) Unit Supervisor Review. After preparation of a parole violation report, the unit supervisor shall review the report and either concur with the recommendation made or make an alternative recommendation. The unit supervisor shall submit the report to the District Administrator."

ordered returned to custody for 12 months. Defendant received credit against the term imposed by reason of his violation of parole as mandated by title 15, California Code of Regulations, section 2635.1, subdivision (c).[3] We will reach the merits of the petition after setting the cause for oral argument. (*Bay Development, Ltd.* v. *Superior Court* (1990) 50 Cal.3d 1012, 1023-1025 [269 Cal.Rptr. 720, 791 P.2d 290].)

## III. DISCUSSION

Defendant contends he is entitled to credit for the time served in custody prior to his sentencing in connection with the ex-convict with a firearm charge even though he also received credits in his parole revocation case pursuant to title 15, California Code of Regulations, section 2635.1, subdivision (c). Defendant relies upon the Supreme Court decision of *In re Atiles* (1983) 33 Cal.3d 805, 807 [191 Cal.Rptr. 452, 662 P.2d 910], where a defendant who was on parole was arrested for a new offense and the new crime served as the basis for the revocation of parole. The *Atiles* court held that the time spent in custody awaiting trial in the new case must be credited against the sentence imposed even though the defendant was subject to a parole hold. (*Id.* at pp. 809-814.) In *Atiles*, the sole basis cited by the majority for the parole hold was the defendant's new offense. (*Id.* at p. 807.) Chief Justice Bird as well as Associate Justices Mosk and Richardson dissented and determined that the defendant should receive no presentence credits because he was subject to the parole hold. (*Id.* at pp. 814-815 (dis. opn. of Mosk, J.).)

However, our Supreme Court limited the holding of *Atiles* in the decision of *In re Joyner, supra*, 48 Cal.3d at pages 493-495. In *Joyner*, the defendant had been sentenced in Florida while he was subject to a "hold" by virtue of a California warrant. After he was convicted in Florida, defendant was returned to California for trial in his new case. He pled guilty in California, received terms which were to be served concurrently with those in Florida, and was denied any credit for time served in Florida while subject to the California hold or in this state when he was incarcerated under the terms of the Florida sentence. Our Supreme Court held that the trial court correctly denied any presentence credits. ■ The court concluded: "We hold that a

---

[3]Title 15, California Code of Regulations, section 2635.1, subdivision (c) states: "If the crime for which the parolee was committed to prison occurred on or after January 1, 1979, confinement pursuant to parole revocation shall not exceed one year. Time in custody on a parole hold shall be credited to the revocation period."

period of time previously credited against the sentence for unrelated offenses cannot be deemed 'attributable to proceedings' resulting in a later-imposed sentence unless it is demonstrated that the claimant would have been at liberty during the period were it not for a restraint relating to the proceedings resulting in the later sentence. In other words, duplicative credits against separately imposed concurrent sentences for unrelated offenses will be granted only on a showing of strict causation." (*Id.* at p. 489.) After *Joyner*, Courts of Appeal have applied the strict causation test in a number of circumstances and denied presentence credits. (*In re Nickles* (1991) 231 Cal.App.3d 415, 417-424 [282 Cal.Rptr. 411]; *People* v. *Gibbs* (1991) 228 Cal.App.3d 420, 424-425 [278 Cal.Rptr. 338]; *People* v. *Goodson* (1990) 226 Cal.App.3d 277, 280-281 [277 Cal.Rptr. 60]; *People* v. *Huff* (1990) 223 Cal.App.3d 1100, 1103-1105 [273 Cal.Rptr. 44]; *People* v. *Odom* (1989) 211 Cal.App.3d 907, 910-911 [259 Cal.Rptr. 827].)

In the decision of *In re Nickles, supra,* 231 Cal.App.3d at pages 423-424, the Court of Appeal held that when a defendant's presentence incarceration is due in part to a parole revocation based upon grounds other than the new offense, no presentence credits may be granted on the new charge because of the parole hold. The court noted: "In summary, *Atiles* is clearly no longer authority for the proposition that section 2900.5(b) automatically requires a trial court to grant presentence credit in a mixed conduct case simply because the charge as to which a defendant seeks credit was one basis of his restraint combined with unrelated other bases therefor." (*Id.* at p. 424.) We conclude that *Nickles* correctly states the law concerning presentence credits when a defendant is subject to a parole hold or an arrest warrant issued by the Board of Prison Terms under the circumstances of this case. We have carefully reviewed the well stated analysis appearing in the dissenting opinion in *Nickles* (*id.* at pp. 424-426 (dis. opn. of Kline, P. J.) and are more persuaded by the majority opinion.

█ Applying *Joyner* and its progeny including *Nickles* to the present case, it is clear defendant is not entitled to any presentence credits. The arrest warrant issued by the Board of Prison Terms was done by reason of defendant's failure to report to his parole officer. Even though defendant's parole revocation proceedings may have been premised in part upon the new weapons charge, when the "strict causation" test of *Joyner* is applied, defendant has failed to sustain his burden of proving that he is entitled to duplicative credits against the sentence imposed on July 5, 1990, pursuant to Penal Code section 2900.5, subdivision (a) and pursuant to title 15, California Code of Regulations, section 2635.1, subdivision (c) for the time spent in custody while subject to the parole hold.

## IV. Disposition

The petition for writ of habeas corpus is denied.

Ashby, J., and Boren, J., concurred.

A petition for a rehearing was denied March 31, 1992, and petitioner's application for review by the Supreme Court was denied May 27, 1992.