[No. B162919. Second Dist., Div. Five. Apr. 17, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
LENNAL KHABIR SHABAZZ, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the second paragraph of part I, part II.A-C., and the heading of part II.D.

**COUNSEL**

Cheryl Barnes Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Mary Sanchez and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

## I. INTRODUCTION

Defendant, Lennal Khabir Shabazz, pled no contest to one felony forgery count in violation of Penal Code[1] section 470, subdivision (d). He also admitted serving two prior prison terms within the meaning of section 667.5, subdivision (b). Defendant was sentenced to 16 months in state prison. He received credit for 86 days of actual presentence custody, plus 42 days of conduct credit, for a total presentence custody credit of 128 days. The trial court imposed a $200 restitution fine (§ 1202.4) and a $200 parole restitution fine (§ 1202.45). Defendant appeals from the judgment of conviction. In the published portion of this opinion, we resolve the question of whether defendant sustained his burden of proving his presentence credits arose solely because of the forgery of which he has been convicted in this case.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *

## II. DISCUSSION

**A.-C.***

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Defendant was a state prison parolee on July 12, 2002, when he committed the present offense. Previously, on March 31, 2001, a warrant had been issued for defendant's arrest due to a parole violation. (§§ 3056, 3060.) Defendant was arrested on August 8, 2002, on the outstanding March 31, 2001, parole warrant. Later, he was also arrested for the present offense. On September 17, 2002, defendant was released on his own recognizance in connection with this case, but, he remained in custody on the parole hold. Later, the trial court rescinded its own recognizance release order. At the time defendant was sentenced in this case, on November 1, 2002, he was still in custody pending a hearing on or other disposition of the alleged parole violation. Given this record, we asked the parties to brief the question whether defendant was entitled to presentence custody credit. For the reasons discussed below, we conclude it was error to award defendant any presentence custody credits in this case.

As the Supreme Court explained in *People v. Bruner* (1995) 9 Cal.4th 1178, 1191 [40 Cal.Rptr.2d 534, 892 P.2d 1277], "[A] prisoner is not

---

[1]All further statutory references are to the Penal Code.
*See footnote, *ante*, page 1255.

entitled to credit for presentence confinement unless he shows that the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period." Defendant's sentence may not be credited with presentence custody time attributable to a parole or probation revocation based in part upon *different* criminal conduct. (*Ibid.,* citing with approval *People v. Wiley* (1994) 25 Cal.App.4th 159, 165-166 [30 Cal.Rptr.2d 701]; *People v. Purvis* (1992) 11 Cal.App.4th 1193, 1196-1198 [14 Cal.Rptr.2d 651]; *In re Bustos* (1992) 4 Cal.App.4th 851, 855 [5 Cal.Rptr.2d 767]; *In re Nickles* (1991) 231 Cal.App.3d 415, 423-424 [282 Cal.Rptr. 411].) In *Bruner,* the Supreme Court concluded, "[W]here a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint." (*People v. Bruner, supra,* 9 Cal.4th at pp. 1193-1194.) As noted previously, the burden is on the accused to establish entitlement to presentence custody credit. (*People v. Bruner, supra,* 9 Cal.4th at pp. 1193-1194 & fn. 10; *People v. Purvis, supra,* 11 Cal.App.4th at pp. 1196-1198; *In re Bustos, supra,* 4 Cal.App.4th at p. 855.)

 Here, on March 31, 2001, a parole arrest warrant issued based on an alleged violation. March 31, 2001, the date the parole arrest warrant issued, was before defendant committed the July 12, 2002, forgery at issue in this case. The conduct upon which the March 31, 2001, parole arrest warrant rested had to have been an alleged violation having nothing to do with the as yet uncommitted July 12, 2002, forgery. Moreover, defendant was arrested pursuant to the March 31, 2001, warrant and remained in custody pursuant to a parole hold during the entire time from his arrest to his sentencing for the forgery at issue here. Because he was in custody on the March 31, 2001, parole violation warrant prior to his arrest in this case, defendant cannot show that the forgery for which he was sentenced in this case was a but for cause of his presentence custody. In other words, defendant cannot establish that but for the conduct underlying his sentence in this case, he would have been free from custody. To the contrary, even if he had not committed the July 12, 2002, forgery, he would have been arrested on the March 31, 2001, parole arrest warrant. Therefore, defendant was not entitled to presentence custody credit in this case. (*People v. Bruner, supra,* 9 Cal.4th at pp. 1180-1195; *In re Joyner* (1989) 48 Cal.3d 487, 489, 492-495 [256 Cal.Rptr. 785, 769 P.2d 967].) If his parole was revoked and he was ordered returned to custody, he may have been entitled to credit for his time in custody on the parole hold. (*In re Bustos, supra,* 4 Cal.App.4th at pp. 853-854 & fns. 1-3; Cal. Code Regs., tit. 15, § 2635.1, subd. (c).)

Defendant argues: "The record in this case does not reflect that [defendant] received duplicate credit against his current sentence as well as against

a period of parole revocation. The record tends to show that, at the time of sentencing, [defendant] remained under a parole hold, but had not yet had a hearing regarding the alleged violation. . . . The record does not, in fact, show that his parole was ever revoked causing him to receive the credit required by California Code of Regulations, [title 15,] section 2635.1[, subdivision (c)]. Therefore, on this record, denying [defendant] the credit as awarded by the trial court would deny him all credit for his presentence custody period, rather than denying him duplicate credits. Neither [*Bruner*] nor [*Joyner*] require or approve such a result." We disagree. The probation report explicitly identifies the date of the issuance of the March 31, 2001, parole revocation warrant. As discussed above, however, it was defendant's burden to show that the conduct that led to his conviction was the sole reason for his presentence confinement. (*People v. Bruner, supra,* 9 Cal.4th at pp. 1191, 1193-1194, & fn. 10; *People v. Purvis, supra,* 11 Cal.App.4th at pp. 1196-1198; *In re Bustos, supra,* 4 Cal.App.4th at p. 855.) Defendant has not met that burden. In the event defendant's parole was never revoked or he was denied any credits by the Board of Prison Terms, he can seek a modification of the presentence credit order in superior court. (See *In re Marquez* (2003) 30 Cal.4th 14, 19-24 [131 Cal.Rptr.2d 911, 65 P.3d 403].)

## III. Disposition

The judgment is modified to reflect no presentence custody credits. In all other respects, the judgment is affirmed. Upon remand, the superior court clerk is directed to prepare an amended abstract of judgment showing a presentence custody credit of zero days, and to forward a copy of the amended abstract to the Department of Corrections.

Grignon, J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 23, 2003. Brown, J., did not participate therein.