Filed 12/19/13  P. v. Harlow CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>FRANK JARED HARLOW,<br><br>  Defendant and Appellant. | C073663<br><br>(Super. Ct. No. CRF12404) |

Appointed counsel for defendant Frank Jared Harlow asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Because the matter was resolved by plea, the facts are taken from the stipulated factual basis that includes the police report, as summarized in the probation report.  In July 2012, defendant and Tina Prewitt went to a Save-Mart store where they put alcohol, deodorant, batteries, and other items with a total value of $274.03 in a shopping cart.

They bagged the items and walked out of the store without paying. A loss prevention officer stopped them and they admitted they planned to sell the merchandise. Defendant admitted to stealing to support his drug addiction.

On November 14, 2012, defendant pled no contest to second degree burglary (Pen. Code, § 459),[1] with a two-year state prison cap. Sentencing was deferred to permit defendant to enter a residential drug treatment program and qualify for probation eligibility. Defendant did not appear for his intake appointment and the trial court sentenced him on April 2, 2013.

The trial court sentenced defendant to serve the midterm of two years, awarded defendant 349 days of presentence custody credit, and ordered him to pay various fines and fees including a $240 restitution fund fine (§ 1202.4), a $40 court security fee (§ 1465.8, subd. (a)(1)), and a $30 conviction assessment (Gov. Code, § 70373). Defendant did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.)[2] Defendant was advised by counsel of the right to file a supplemental brief within

---

[1] Undesignated statutory references are to the Penal Code.

[2] Counsel filed a letter with the trial court seeking correction of the presentence custody credits under the principles of *People v. Fares* (1993) 16 Cal.App.4th 954 and *People v. Clavel* (2002) 103 Cal.App.4th 516. Specifically, counsel contended defendant was entitled to presentence custody credits for the period from February 22, 2013, to April 2, 2013, an additional 80 days. The trial court properly denied the motion. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1191-1192; *People v. Shabazz* (2003) 107 Cal.App.4th 1255, 1257-1259.) On the court's own motion, the appellate record is augmented to include counsel's July 25, 2013, ex parte motion seeking correction of presentence custody credits and the trial court's August 30, 2013, denial of that motion.

30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


      HOCH    , J.


We concur:


     RAYE    , P. J.


  NICHOLSON  , J.