Filed 9/24/14  P. v. Castanon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C075024 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF132461) |
| v. | |
| LORENZO MAXIMILLIANO CASTANON, JR., | |
| Defendant and Appellant. | |

Defendant Lorenzo Maximilliano Castanon, Jr., pleaded no contest to illegal possession of ammunition by a person prohibited from possessing a firearm.  (Pen. Code, § 30305, subd. (a)(1).)[1]  The trial court sentenced him to four years in prison--the stipulated sentence--and awarded presentence custody credits of 64 days.

---

[1]  Further undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends he is entitled to additional presentence custody credits. Disagreeing, we affirm.

## BACKGROUND

West Sacramento police officers made contact with defendant on June 19, 2013. They found a loaded nine-millimeter handgun two feet away from the spot where he was standing on a public street. They searched him and found a knife and five rounds of ammunition similar to the rounds loaded in the handgun. A records check revealed that he was a parolee at large and, as a result, he was placed on a parole hold upon his incarceration.[2] (§ 3056.)

On June 27, 2013, defendant was charged by complaint with carrying a loaded firearm in public (§ 25850, subds. (a), (c)(1)), possessing a firearm after having been convicted of a felony (§ 29800, subd. (a)(1)), and possessing ammunition after having been convicted of a felony (§ 30305, subd. (a)). The complaint further alleged that defendant had previously been convicted of a serious felony within the meaning of section 667, subdivisions (c) and (e)(1) and had served a prior prison term within the meaning of section 667.5, subdivision (b).

On July 10, 2013, defendant accepted an offer of 180 days in jail and waived his right to a parole revocation hearing under the "optional waiver" provision of California Code of Regulations, title 15, section 2641, subdivision (b).[3]

---

[2] A parolee at large is "an absconder from parole supervision, who is officially declared a fugitive by board action suspending parole." (Cal. Code Regs., tit. 15, § 2000, subd. (b)(75).)

[3] California Code of Regulations, title 15, section 2641, subdivision (b) provides in pertinent part that a "parolee who is undergoing criminal prosecution may conditionally waive the revocation hearing, but retain the option to request a hearing as provided in this subsection. Upon receipt of a signed optional waiver, the Board at the central office calendar will determine whether there is good cause to revoke parole. This determination will be made without a hearing or personal appearance by the parolee."

On August 21, 2013, pursuant to a plea agreement, defendant pleaded no contest to possessing ammunition after having been convicted of a felony. The plea agreement specified that defendant would receive four years in state prison (the middle term of two years, doubled) and all remaining counts would be dismissed at the time of sentencing.

Defendant appeared for sentencing on October 18, 2013. The probation report noted that defendant had been in custody continuously for 119 days, from June 20, 2013, through October 18, 2013. However, probation recommended that defendant receive credit for only 64 days (32 actual days plus 32 conduct days) for the period from September 17, 2013, through October 18, 2013. With respect to the period from June 20, 2013, through September 16, 2013, the report concluded: "The defendant is not entitled to credits during this time period as he was serving a 180 day parole commitment. He was deemed time served on 09/16/13." The probation report does not disclose the basis for defendant's parole violations.

At sentencing, defendant requested credit for *all* of his time in custody, including the 89-day period from June 20, 2013, through September 16, 2013. Defendant acknowledged that the parole revocation commitment was based on allegations of "mixed conduct." Nevertheless, he emphasized that such allegations had not been proven and indicated that he intended to request a parole revocation hearing, which could result in the dismissal of all grounds for revoking his parole other than the conduct underlying his current conviction. In that case, defendant argued, he would be entitled to credit for all of his time in custody.

The trial court denied defendant's request for additional credit, stating: "Well, at this point, I cannot conclude that he's entitled to these credits as a matter of law because there's (*sic*) still parole issues pending. [¶] I agree that if parole doesn't proceed, he may be entitled to those credits. And I would be open to giving him those credits once that decision has been made if a request is made to do that. But at this point, I'm not

3

persuaded he's entitled to those credits as a matter of law, so I decline to give him those credits."

Defendant filed a timely notice of appeal.

## DISCUSSION

On appeal, defendant contends he is entitled to presentence custody credits for all of his time in custody because (1) the record does not disclose the nature or disposition of the alleged parole violations; and (2) the trial court was required to credit all of defendant's time against the current offense as a matter of due process. (U.S. Const., 14th Amend.) Neither of these arguments persuades.

Under section 2900.5, a defendant is entitled to presentence custody credit "only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (§ 2900.5, subd. (b).) Applying section 2900.5, our Supreme Court has explained that "where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint. Accordingly, when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1193-1194 (*Bruner*).) Rather, as "a general rule . . . a prisoner is not entitled to credit for presentence confinement unless he shows that the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period." (*Id.* at p. 1191.) Thus, a defendant in custody on multiple causes, such as parole violations and new charges, bears the burden of establishing that he is entitled to presentence custody credits. (*Id.* at pp. 1193-1194; *People v. Shabazz* (2003) 107 Cal.App.4th 1255, 1259 (*Shabazz*).)

4

Defendant correctly observes that the record contains very little information concerning the alleged parole violations. There is no information regarding the basis for defendant's alleged parole violations, apart from the fact that he was a parolee at large. The record is also silent on the question of whether defendant even requested a parole revocation hearing and any result thereof. Defendant bears the burden of establishing entitlement to presentence custody credits. (*Shabazz*, *supra,* 107 Cal.App.4th at p. 1258.) He has not done so.

Further, the record before us amply supports the trial court's decision to deny defendant's request for additional credits. The record shows that defendant was arrested for the conduct underlying the current offense on June 19, 2013, at which time he was a parolee at large subject to a parole hold. Defendant accepted a 180-day parole revocation commitment on July 10, 2013. His parole revocation release date was September 16, 2013. The probation report specifically notes that "defendant is not entitled to credits during this time period [from June 20, 2013, through September 16, 2013] as he was serving a 180 day parole commitment."

*People v. Kennedy* (2012) 209 Cal.App.4th 385 (*Kennedy*), on which defendant relies, does not compel a different result. In *Kennedy*, "[a]ppellant presented evidence to the trial court that shortly before his sentencing in the current matter he exercised his right to a parole revocation hearing. The result of that hearing was the dismissal of all grounds for revoking his parole other than the conduct underlying his current conviction." (*Id*. at p. 392 [citing *Bruner, supra*, 9 Cal.4th at p. 1180].) Here, by contrast, defendant did not and has not presented *any* evidence showing that the conduct leading to his sentence was a dispositive cause of his parole hold. (See *Bruner, supra*, at pp. 1193-1194; *In re Nickles* (1991) 231 Cal.App.3d 415 [no credit against sentence where custody also attributable to hold for parole violation].)

Defendant also argues that the trial court violated his federal constitutional right to due process by denying the request for additional credits.

First, defendant argues that due process required the trial court to credit all of his time against the current offense "[u]ntil there was a finding following the hearing or an admission that there was mixed conduct." However, defendant's optional waiver operated as an implicit admission of mixed conduct, albeit a conditional one. (Cal. Code Regs., tit. 15, § 2641, subd. (b).) The trial court was entitled to rely on defendant's optional waiver in denying the request for additional credit. (*In re La Croix* (1974) 12 Cal.3d 146, 153 [parolee may waive right to parole revocation hearing].)

Second, defendant suggests that he could be left without a remedy in the event that a hypothetical future parole revocation hearing results in the dismissal of all grounds for revoking parole other than the conduct underlying the current conviction. This claim is not yet ripe. Further, defendant is free to reapply to the trial court for additional credits in the event that his parole revocation hearing concludes in the result he posits. (*Shabazz, supra*, 107 Cal.App.4th at p. 1259 ["In the event defendant's parole was never revoked or he was denied any credits by the Board of Prison Terms, he can seek a modification of the presentence credit order in superior court"]; *People v. Acosta* (1996) 48 Cal.App.4th 411, 428, fn. 8 ["The failure to award an adequate amount of credits is a jurisdictional error which may be raised at any time"].)

Accordingly, we conclude the requirements of due process have been met. There was no error.

## DISPOSITION

The judgment is affirmed.

                                             _____DUARTE_____, J.

We concur:

_____NICHOLSON_____, Acting P. J.

_____BUTZ_____, J.

7