Filed 11/18/21 In re Tufono CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re | F083133 |
| ARVELLO TUFONO, | (Super. Ct. No. CRM023280) |
| On Habeas Corpus. | **OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.

Arvello Tufono, in pro. per., for Petitioner.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and William K. Kim, Deputy Attorneys General, for Respondent.

-ooOoo-

On August 4, 2021, petitioner filed a "Petition for Writ of Habeas Corpus," contending he is entitled to additional presentence credits for a 19-day period between the expiration of his parole hold and his release on bail. The Attorney General concedes petitioner is entitled to presentence credits for this 19-day period. We agree and grant peremptory relief.

---

[*] Before Levy, Acting P.J., Smith, J. and Snauffer, J.

## FACTUAL AND PROCEDURAL HISTORY

In June 2014, petitioner was convicted in Merced County Superior Court of first degree burglary (Pen. Code,[1] § 459) and resisting an executive officer (§ 69), and admitted a prior serious felony and strike conviction (§§ 667, subds. (a)–(i), 1170.12, subds. (a)–(d).) He was sentenced to 11 years four months in state prison.

Petitioner was arrested for the above offense on June 8, 2012. When he was arrested, he was a parolee at large with an active warrant and was placed on a parole hold. On June 22, 2012, the Board of Parole Hearings revoked petitioner's parole and ordered him returned to custody for 180 days, which he served in Merced County Jail. He was released on bail pending trial on September 24, 2012. He did not return to custody until April 3, 2014.

Petitioner claims his parole hold was lifted on September 5, 2012, and therefore he is entitled to presentence credits from that date until the date of his release. Although there is nothing in the record confirming custody on his parole revocation ended on that date, confinement pursuant to a revocation of parole is capped at 180 days (Cal. Code Regs, tit. 15, § 2740, subd. (b)) and served at half time (Cal. Code Regs, tit. 15, § 2743, subd. (b)). Therefore, petitioner claims his parole hold must have ended on September 5, 2012, 90 days from June 8, 2012.

Petitioner raised a similar claim on direct appeal, contending he is entitled to presentence credits from the date of his arrest to the date of his release on bail. We concluded petitioner failed to meet his "burden of demonstrating 'that the conduct that led to his conviction was the sole reason for his presentence confinement[;]' (*People v. Shabazz* (2003) 107 Cal.App.4th 1255, 1259)," noting the probation report states

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

petitioner earned no credits during that window because petitioner was on a parole hold. (*People v. Tufono* (June 30, 2016, F069908) [nonpub. opn.].)

In May 2020, petitioner filed a habeas petition in this court raising the same claim he raises in the instant petition. (*In re Tufono*, (May 29, 2020, F081120) [nonpub. order].) The trial court had denied the prior petition based on our conclusion on direct appeal petitioner is not entitled to custody credits due to his parole hold. We denied the prior petition without prejudice, noting in our denial order the issue raised in the petition is different from the credits issue raised on appeal: "The issue raised in this petition is more narrow—whether petitioner is entitled to credits from September 6, 2012, when he claims the parole hold was removed, and September 24, 2012, when petitioner was released on bail. Nothing in this opinion would prevent petitioner from filing in superior court a new petition for writ of habeas corpus providing documentation establishing when the parole hold was removed."

In an informal response to the instant petition, the Attorney General concedes petitioner is entitled to relief as follows:

> "A review of pertinent regulations show [petitioner's] 180-day parole revocation commitment ended on September 5, 2012 – 90 days from June 8, 2012. Under section 2740, subdivision (b), of Title 15 of the California Code of Regulations, [petitioner's] confinement pursuant to a revocation of parole was 'not [to] exceed 180 days.' Under section 2743, subdivision (b), of Title 15 of the California Code of Regulations, [petitioner's] 180-day confinement period in jail was 'reduced in credits under Penal Code section 4019.' '[S]ection 4019 now provides that presentence conduct credits accrue at a rate of two days for every two days in presentence custody.' (*People v. Chilelli* (2014) 225 Cal.App.4th 581, 588.) Thus, after serving 90 days in jail on the parole revocation commitment, [petitioner] would receive 90 days credit under Penal Code section 4019[:] 90 actual days served plus 90 days credit total 180 days – satisfying the parole revocation commitment. 90 days from June 8, 2012 was September 5, 2012.
>
> "[Petitioner's] confinement from September 6, 2012 to September 24, 2012 should be credited to his sentence in superior court case

3

number CRM023280. A total of 19 days from September 6, 2012 to September 24, 2012. Under Penal Code section 4019 (two days credit for two days in custody), [petitioner] is entitled to an additional 18 days of conduct credit. (See *People v. Chilelli*, *supra*, 225 Cal.App.4th at p. 588.) 19 actual days served plus 18 days of conduct credit total 37 days."

We agree with the Attorney General's analysis. Petitioner's parole hold could not have lasted longer than 90 actual days. (Cal. Code Regs., tit. 15, §§ 2740, 2743.) Moreover, petitioner could not have been released on bail on September 24, 2012, if his parole hold was still active. (See *Cerda v. Superior Court* (1974) 42 Cal.App.3d 491, 493 ["The effect of [] a parole hold was to preclude petitioner from obtaining his release on bail on the new charges."], citing *In re Law* (1973) 10 Cal.3d 21, 26 ["[W]e do not perceive any source of authority, under the federal or state Constitutions or under applicable statutes, in support of the contention that parolees have a right to bail while in custody imposed by a parole hold."].) From September 6, 2012, to September 24, 2012, petitioner's custody was only attributable to his pending charges. Pursuant to section 2900.5, petitioner is entitled to presentence credit plus applicable conduct credit.

In light of the Attorney General's concession we will direct issuance of a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.) Petitioner's right to relief is obvious, and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral argument. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

## DISPOSITION

Let a peremptory writ issue directing the Merced County Superior Court to issue an amended abstract of judgment in case number CRM023280 reflecting 19 additional days of actual custody credit and 18 additional days of Penal Code section 4019 conduct credit, for a total of 37 additional days of presentence credit. The superior court is further

4

directed to forward a copy of the amended abstract of judgment to the appropriate entities.