Filed 7/28/23  P. v. Moua CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHEE NENG MOUA,<br><br>    Defendant and Appellant. | B320839<br><br>(Los Angeles County<br>Super. Ct. No. TA156144) |

APPEAL from an order of the Superior Court of Los Angeles County.  Teresa P. Magno, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Chee Neng Moua pleaded no contest to one count of receiving a stolen vehicle in violation of Penal Code[1] section 496d. He also admitted two prior felony convictions in Los Angeles County Superior Court Nos. GA106618 (hereinafter GA-618) and GA099797. In exchange for his plea, appellant received a two-year state prison sentence. The trial court awarded 83 days of custody credit for the period from February 23, 2022, when an arrest warrant was issued in the case, to the date of sentencing, May 17, 2022. Appellant also received 82 days conduct credit for a total of 165 days credit.

Appellant's sole claim in this appeal is that he is entitled to custody credits for the time he served in presentence custody from June 24, 2021, until May 17, 2022. However, as the trial court found, appellant's custody from June 24, 2021, to February 23, 2022, was on other matters, and his presentence custody in the instant case did not begin until February 23, 2022. We therefore reject appellant's argument and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Around midnight on June 24, 2021, police observed appellant standing behind a blue BMW appearing to retrieve items from the trunk. When the officers contacted him, appellant first claimed the car belonged to him, but then said it belonged to his friend "James." After the officers determined the vehicle had been reported stolen, appellant was arrested.

In an information filed April 19, 2022, appellant was charged with the felony of receiving a stolen vehicle in violation of section 496d. Appellant was arraigned and entered a plea of

---

[1] Undesignated statutory references are to the Penal Code.

not guilty.  On May 13, 2022, the prosecution offered a settlement of the instant case, Los Angeles County Superior Court No. TA156144 (hereinafter TA-144) consisting of two years in state prison, to be served concurrently with the sentences already imposed in two other cases pending against appellant—Los Angeles County Superior Court Nos. GA110147 (hereinafter GA-147) and BA493721 (hereinafter BA-721).  After confirming with defense counsel that appellant had already been sentenced in case numbers GA-147 and BA-721, the trial court accepted appellant's no-contest plea in case number TA-144.

At sentencing, defense counsel argued that appellant was entitled to custody credits from June 24, 2021, to the date of sentencing because he had not been released from custody since his arrest in this case on June 24, 2021.  The trial court disagreed.  The court observed that although appellant was booked in this case on June 24, 2021, he was released the same day.  The instant case was not even filed until December 7, 2021, and appellant was not in custody in the case until an arrest warrant was issued on February 23, 2022.  On these facts the trial court concluded that appellant did not begin to accrue presentence custody credits in this case before February 23, 2022.

As for appellant's custody status, the trial court found the facts did not support appellant's assertion that but for the instant case appellant would have been free from custody after June 24, 2021.  The court explained that after his release in case number TA-144, appellant remained in custody because of a parole hold and pending matters in other cases.  Specifically, the issuance of a bench warrant against appellant on June 16, 2021, in case number BA-721 resulted in a parole hold on appellant in case number GA-618.  Thus, appellant remained in custody after June

3

24, 2021, not because of his arrest or anything having to do with case number TA-144, but solely as a result of the bench warrant and parole hold in these other matters.

## DISCUSSION

### Appellant Is Not Entitled to Presentence Custody Credit for the Period He Spent in Custody on Other Cases

Section 2900.5, subdivision (a) provides in relevant part: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, . . . all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment." Subdivision (b) of section 2900.5, however, contains the following limitation: "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted."

In *People v. Bruner* (1995) 9 Cal.4th 1178 (*Bruner*), our Supreme Court interpreted this limitation to require a defendant claiming presentence custody credit to demonstrate that "the conduct which led to his conviction was the *sole reason* for his loss of liberty during the presentence period." (*Id.* at p. 1191, italics added.) The court recognized that it is not always a straightforward matter to determine a defendant's entitlement to presentence credits under section 2900.5 where multiple proceedings are in play and the custody for which credit is sought had multiple unrelated causes. (*Id.* at pp. 1180, 1195.) But, as the court explained, "section 2900.5 is intended to provide equitable treatment for one held in *pretrial* custody on mere *charges* of crime, not to give credit for time already being served and credited on another term or sentence for unrelated

4

violations." (*Id.* at p. 1192.) *Bruner* thus affirmed the rule of strict causation established in *In re Rojas* (1979) 23 Cal.3d 152 and *In re Joyner* (1989) 48 Cal.3d 487, and held that "where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint." (*Bruner,* at pp. 1193–1194.)

In *People v. Shabazz* (2003) 107 Cal.App.4th 1255, 1258 (*Shabazz*), Division Five of this district applied *Bruner* to circumstances very similar to those of the instant case to deny custody credits for a defendant's presentence confinement on another case. In *Shabazz*, the defendant was on parole when he committed a forgery. Before he committed the forgery, however, the defendant violated the terms of his parole and a parole arrest warrant was issued. A month after he committed the forgery, the defendant was arrested on the parole arrest warrant and taken into custody on a parole hold. Later he was also arrested for the forgery. Defendant was subsequently released on his own recognizance in the forgery matter, but remained in custody on the parole hold. Eventually, the trial court rescinded its release order, and by the time of sentencing in the forgery case, the defendant was still in custody pending disposition of the parole violation. (*Id.* at p. 1257.) Applying the *Bruner* "but for" test to determine whether the defendant had earned presentence custody credits in the forgery case, the *Shabazz* court concluded that all of defendant's presentence confinement was attributable to the parole hold, and defendant was not entitled to any presentence custody credits in the forgery case.

5

So it is here.  It was appellant's burden to show that the conduct that led to his conviction in this case (TA-144) was the *sole reason* for his presentence confinement from June 24, 2021, to February 23, 2022.  (*Bruner, supra,* 9 Cal.4th at pp. 1191, 1193–1194; *Shabazz,* 107 Cal.App.4th at p. 1258; *People v. Purvis* (1992) 11 Cal.App.4th 1193, 1196–1197; *In re Bustos* (1992) 4 Cal.App.4th 851, 855.)  As the trial court correctly found, appellant failed to carry his burden.

According to the trial court's review of the court file, a bench warrant was issued against appellant on June 16, 2021, in case number BA-721, before appellant committed the charged offense of receiving a stolen vehicle in violation of section 496d on June 24, 2021, in this case (case number TA-144).  That bench warrant resulted in a parole hold on appellant in another case—number GA-618.  Although appellant was arrested on June 24, 2021, in connection with the receipt of a stolen vehicle, he was released the same day, and not charged with the section 496d violation in case number TA-144 until December 7, 2021.  Nevertheless, despite his release in this case, appellant remained in custody due to the bench warrant in case number BA-721 and the parole hold in case number GA-618.

Because appellant remained in custody on the parole hold based on the June 16, 2021 bench warrant after his release on the offense in this case, he cannot show that the section 496d charge in this case was the sole reason for his presentence custody from June 24, 2021, to February 23, 2022.  In other words, appellant cannot establish that *but for* the conduct underlying his sentence in this case, he would have been free from custody from June 24, 2021, to February 23, 2022.  Indeed, to the contrary, even if he had not violated section 496d, he still

would have been picked up on the June 16, 2021 bench warrant and held pursuant to the resulting parole hold in case number GA-618. Accordingly, appellant did not begin to accrue presentence custody credit in this case until the arrest warrant was issued on February 23, 2022, and he is not entitled to presentence custody credit for the period he spent in custody on other cases.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



CHAVEZ, J.



HOFFSTADT, J.