[No. C004584. Third Dist. June 22, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
WINZEL WALLACE ODOM, Defendant and Appellant.

**COUNSEL**

Kevin S. Robinson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Michael J. Weinberger and Jesse Witt, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MARLER, J.**—In this case we are asked to consider the denial of presentence custody credit in a dual custody context in light of our Supreme Court's recent decision in *In re Joyner* (1989) 48 Cal.3d 487 [256 Cal.Rptr. 785, 769 P.2d 967]. Defendant was sentenced to four years in state prison following revocation of probation. He received no credit for a period prior to sentencing during which he was in custody in another county on unrelated charges even though a probation hold had been placed on him in connection with this matter. Defendant contends he is entitled to credit for this period. We agree in part and shall modify the judgment accordingly.

### FACTS

Defendant originally pleaded guilty to petty theft by one previously convicted of a theft offense (Pen. Code, § 666) and was sentenced to four years in state prison.[1] Execution of sentence was stayed, and he was placed on four years probation on condition he spend nine months in county jail. Defendant was subsequently charged with a probation violation and ordered to appear in court on June 26, 1987. When he failed to appear, a bench warrant was issued and probation was revoked.

On July 24, 1987, defendant was arrested in Placer County on unrelated charges. Learning of his arrest, Sacramento County placed a probation hold on him on July 27. On August 12 defendant pleaded guilty in Placer County and bail was set at $2,500. He remained in custody in Placer County pending sentencing and disposition of the Sacramento County proceedings.

Defendant was released on his own recognizance by Placer County on October 13, but remained in custody until he was booked in Sacramento County jail on October 21. Thereafter he admitted the probation violation and was ordered to serve the sentence previously imposed. In computing presentence credits, the court awarded 270 days for the earlier county jail confinement, 54 days for county jail confinement from October 21 to November 7, 1987, and from April 20 to May 25, 1988, plus 27 days of conduct credits, for a total of 351 days. Defendant was given no credit for the period from July 27 to October 21, 1987.

### DISCUSSION

Upon sentencing for a particular offense, a defendant is entitled to credit for all time in custody prior to sentencing which is attributable to that

---

[1] Defendant's sentence consisted of the upper term of three years for the petty theft with prior theft offense conviction (Pen. Code, §§ 18, 666), plus a one-year enhancement for a separate, prior offense for which a prison sentence had been served (Pen. Code, § 667.5).

offense. (Pen. Code, § 2900.5, subd. (b).) ▮ Where custody is attributable solely to another offense, however, no credit is allowed. (*In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789].)

Following the filing of briefs in this matter, our Supreme Court rendered its decision in *In re Joyner, supra*, 48 Cal.3d 487. Like the instant case, *Joyner* involved credits for time spent in custody in another jurisdiction on unrelated charges. Joyner was arrested in Florida on March 15, 1983, for crimes committed there, and a hold was placed on him by California in connection with an outstanding arrest warrant. On July 19, Joyner was sentenced in Florida and given presentence credit for the period since his arrest. He was then extradited to California where he pleaded guilty to robbery and grand theft and was sentenced to state prison for four years, to run concurrently with the Florida sentence. Joyner was denied presentence credit for the period from his arrest in Florida to sentencing in California.

In upholding the denial of credits; the court stated: "[¶] We hold that a period of time previously credited against a sentence for unrelated offenses cannot be deemed 'attributable to proceedings' resulting in a later-imposed sentence unless it is demonstrated that the claimant would have been at liberty during the period were it not for a restraint relating to the proceedings resulting in the later sentence. ▮ *In other words, duplicative credits against separately imposed concurrent sentences for unrelated offenses will be granted only on a showing of strict causation*." (Italics added.) (*Joyner, supra*, 48 Cal.3d at p. 489.)

▮ Duplicative credit is precisely what defendant is seeking here. He received presentence custody credit against his Placer County sentence for the period from his arrest on July 24 to his booking in Sacramento County on October 21.[2] Therefore, he is only entitled to credit against his concurrent Sacramento County sentence on a showing of strict causation, i.e., but for the Sacramento County hold he could have obtained his freedom.

Defendant entered a negotiated plea of guilty in Placer County on August 12. At that time bail was set at $2,500. At sentencing in the instant case, defense counsel asserted defendant would have posted bail in Placer County but for the Sacramento County hold. Defendant therefore contends he is at least entitled to credit from August 12 to October 21.

We find the record before us insufficient to prove and thus satisfy the strict causation requirement of *Joyner*. ▮ ▮ As a matter of

---

[2] Since he was released from incarceration due to his Placer County charge upon his own recognizance on October 13, he was not entitled to credit for eight days from October 13 to October 21 against the Placer County charge. That matter is not before us.

effective judicial administration, mere assertions of counsel at sentencing that defendant was prepared to obtain his freedom by posting bail do not prove his further incarceration was solely because of the Sacramento hold. Were we to conclude otherwise, trial courts would be placed in the impossible position of determining a defendant's subjective intent from a barren record.

Nevertheless, we do find from the record that defendant is entitled to some extra credit. On October 13, defendant was released on his own recognizance by Placer County. Nevertheless, he remained in custody until he was booked into Sacramento County on October 21. The only plausible explanation for this is the Sacramento County hold. Therefore, defendant satisfies the *Joyner* test as to the period from October 13 to October 21 and is entitled to credit for eight extra days of custody.

The judgment is modified to give defendant custody credit for an additional eight days of presentence custody, plus four days of conduct credit.[3] The trial court is directed to amend the abstract of judgment accordingly and to forward a copy thereof to the Department of Corrections. As modified, the judgment is affirmed.

Evans, Acting P. J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 20, 1989.

---

[3] Having previously granted defendant's request to take judicial notice of the records from his Placer County conviction, we note there that defendant was granted conduct credits for the time spent in custody prior to sentencing. He shall therefore be entitled to such credits here as well.