[No. B042884. Second Dist., Div. Four. Sept. 12, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
BYRON KEITH HUFF, Defendant and Appellant.

**COUNSEL**

Kathleen Redmond, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, John R. Gorey and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, J.**—This is a presentence credit case. Appellant argues that the trial court failed to recognize all of the credit to which he is entitled; respondent contends that appellant received more credit than is legally warranted. We conclude that appellant is entitled to less credit than he received, although we do not fully accept respondent's argument on the issue. We will modify the abstract of judgment to reflect the correct amount of presentence credit and, as so modified, we will affirm the judgment.

### PROCEDURAL AND FACTUAL SUMMARY

As is true of so many presentence cases, this one concerns a defendant who was involved in multiple criminal proceedings, in which the actions taken by the trial courts overlap. And, as is also true in many such cases, the predicate facts as gleaned from the minute orders in the overlapping cases are not entirely clear. But both sides appear to agree on the facts pertinent to the resolution of this appeal. They are summarized in the following paragraphs.

In early 1988, appellant was charged with possession of phencyclidine, a violation of Health and Safety Code section 11377, subdivision (a). That was in Los Angeles Superior Court case No. A962898. Appellant entered a guilty plea in that case, and the present appeal is from the eventual judgment. Upon appellant's plea, proceedings were suspended and appellant was placed on three years' probation, subject to several terms and

conditions. One of these was that he obey all laws. Another was that he serve 53 days in county jail, subject to full credit for time served (35 days in custody and 18 days conduct credit). Appellant was then released from custody.

Later that year, on December 7, 1988, appellant was pulled over for speeding. The officers may have been suspicious that the car he was driving was stolen, but appellant was not arrested or detained for theft. Instead, he was taken to the police station because it appeared that an improper registration sticker had been placed on the license plate of the vehicle he was driving. (Veh. Code, § 4463, subd. (a).) Appellant gave a false name in answer to an officer's question in the field, but he gave his correct Social Security number.

Once at the police station, officers ran the Social Security number and learned appellant's true name. From that, they discovered several traffic warrants against him. He was detained until the warrants could be cleared. Appellant apparently promptly paid the outstanding fines which had led to the warrants, and was released.

A few weeks later, on January 17, 1989, the police concluded that they had enough information to charge appellant with grand theft of the automobile he was driving on the occasion of the traffic stop in December. He was arrested for a violation of Penal Code section 487, subdivision 3 (grand theft auto) on that date in a case that became No. A981153 in the files of the Los Angeles Superior Court.

Appellant was arraigned on the grand theft information on February 7, 1989. Bail was set at $15,000. The case was calendared for further proceedings in superior court. Once there, it was repeatedly trailed until, on April 24, 1989, the case was dismissed because the People were unable to proceed within the time specified by Penal Code section 1382. The clerk's minute for that date shows that appellant was released in the new case (No. A981153).

In the meantime, appellant's probation had been summarily revoked on March 27, 1989, on account of the theft charges, then pending. Although in custody on those charges, appellant was remanded without bail in the original case (No. A962898).

Following a hearing, appellant was found in violation of probation, and his probation remained revoked. This action was based on the automobile theft allegation that had formed the basis for the new charges.

On May 26, 1989, appellant was sentenced to the middle term of two years in state prison in the original case, on which his probation had been

revoked. He had been in continuous custody since his arrest on January 17, 1989. The trial court recognized 215 days of presentence credit, computed as follows: 53 days for credit as recognized when probation originally had been granted; 108 days for time in custody from February 7, 1989 (the date of arraignment on the new charges) to the date of sentencing; 54 days conduct credit for the 108 days in custody. The trial court denied credit for the period January 17, 1989, to the February 8, 1989, arraignment date.

Appellant has filed a timely appeal from the judgment.

## CONTENTIONS OF THE PARTIES

Appellant argues that he is entitled to an additional 34 days of credit, made up of the December 7, 1988, day in custody, the 22 days between the date of his arrest on the new charges and date of arraignment on those charges, and 11 days conduct credit for the 22 days. Respondent argues that appellant is entitled to no presentence credit at all beyond the 53 days recognized when he was placed on probation.

## DISCUSSION

Presentence credit is awarded pursuant to Penal Code section 2900.5. Subdivision (b) of that provision states: "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

The issue of what custody is "attributable to proceedings related to the same conduct" as that for which a defendant is to be sentenced has provoked a considerable quantity of appellate literature, much of it conflicting. (See *People* v. *Adrian* (1987) 191 Cal.App.3d 868, 874 [236 Cal.Rptr. 685] ["[p]robably the only sure consensus among the appellate courts is a recognition that [Penal Code] section 2900.5, subdivision (b), is 'difficult to interpret and apply.'"].)

*In re Rojas* (1979) 23 Cal.3d 152 [151 Cal.Rptr. 649, 588 P.2d 789] made it clear that credit is not to be awarded where custody is solely attributable to another offense. Broad language in *In re Atiles* (1983) 33 Cal.3d 805, 812 [191 Cal.Rptr. 452, 662 P.2d 910], suggested a policy of construing section 2900.5 to maximize credit for concurrent terms imposed at different times. That approach has been disapproved by the state Supreme Court. (See *In re Joyner* (1989) 48 Cal.3d 487, 494 [256 Cal.Rptr. 785, 769 P.2d 967].)

The *Joyner* opinion resolved many of the problems discussed in the cases that followed *Atiles,* and provided guidance for the resolution of those that remain. ■ The court summed up the governing policy at the outset of its opinion: "We hold that a period of time previously credited against a sentence for unrelated offenses cannot be deemed 'attributable to proceedings' resulting in a later-imposed sentence unless it is demonstrated that the claimant would have been at liberty during the period were it not for a restraint relating to the proceedings resulting in the later sentence. In other words, duplicative credits against separately imposed concurrent sentences for unrelated offenses will be granted only on a showing of strict causation." (48 Cal.3d at p. 489.)

The burden of establishing the strict causation, "but for" test of *Joyner* is with the appellant who claims credit for time in custody on other charges. (See *People* v. *Odom* (1989) 211 Cal.App.3d 907 [259 Cal.Rptr. 827].)

■ Applying these principles to the case before us, it is clear that appellant is entitled to no presentence credit against his sentence in this case for his time in custody on the new charges. The December 7, 1987, detention was for totally unrelated conduct: use of a false registration tag, and a failure to pay traffic fines that had led to outstanding warrants. The January 17, 1989, arrest also was for a different charge: theft of an automobile. That crime formed the basis of the eventual revocation of probation in this case, but appellant's custody was attributable to the new charge, not to the narcotics conviction that had led to grant of probation more than a year before.

While it is true that the new charges were eventually dismissed due to a failure to prosecute, so that there was no resulting sentence against which to credit appellant's time in custody on those charges, that fact does not transmute the custody to time attributable to the old charges.

■ As we have seen, the new charges were dismissed on April 24, 1989. From that date forward, there was no hold on appellant from the second proceeding, and the *only* basis for his continued detention was the no-bail remanding order in the original case. Appellant's detention after that was clearly "attributable to the proceedings" on which he eventually was sentenced. Respondent argues that this is not so because there would have been no detention on account of probation revocation were it not for the theft that was the basis for the new charges. But that does not deprive appellant of credit any more than he would have been deprived of it if he were detained for some other violation of his probation. The critical facts are that his detention was ordered in the original case and, after April 24, 1989, that was the only basis for detention.

That leaves a fragment of time—the four weeks between the summary revocation of probation and remand without bail on March 27, 1989, and the dismissal of the new charges on April 24, 1989. Analytically, the detention during that overlap period was due to both cases. And, as we have seen, it is appellant's burden, as the party claiming credit, to demonstrate his entitlement to credit for that period.

If bail had been set for both the new charges and the pending probation violation hearing on the old charges, an interesting if circular issue would be presented. But in fact no bail was set on the probation matter; appellant was remanded without bail. During that period, appellant was held without bail and could not have secured his release even if he had made bail in the new case. We believe that under these facts, appellant satisfies the strict causation test of *Joyner*.

We therefore conclude that appellant is entitled to credit for presentence custody for the period March 27, 1989 (when he was remanded without bail on the old charges) until May 26, 1989 (when he was sentenced in the old proceedings). That is a period of 61 days. Adding 30 days for conduct credit (Pen. Code, § 2900.5, subd. (a)), he is entitled to 91 days of credit, together with the 53 days awarded when he was placed on probation in 1988. The total is 144 days, which is 71 days less than the 215 days of credit he was given by the trial court.

The 72 days of presentence credit is not authorized by statute and is therefore subject to challenge on appeal by either party and to correction by the court. (See *In re Sandel* (1966) 64 Cal.2d 412, 418 [50 Cal.Rptr. 462, 412 P.2d 806]; *People* v. *Baries* (1989) 209 Cal.App.3d 313, 319 [256 Cal.Rptr. 920]; *People* v. *Macias* (1979) 93 Cal.App.3d 788, 791 [156 Cal.Rptr. 104].)

## DISPOSITION

The abstract of judgment is corrected to reflect 144 days of presentence credit (including conduct credit) instead of 215 days. With that modification, the judgment is affirmed.

Woods (A. M.), P. J., and George, J., concurred.

On October 9, 1990, the opinion was modified to read as printed above.