Filed 5/16/14  P. v Dinkins CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JONATHON DANIEL DINKINS,<br><br>  Defendant and Appellant. | B248329<br><br>(Los Angeles County<br>Super. Ct. No. NA078034) |

        APPEAL from a judgment of the Superior Court of Los Angeles County,
James B. Pierce, Judge.  Modified and, as modified, affirmed with directions.

        Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and
Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney
General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Ana R.
Duarte, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Jonathon Daniel Dinkins appeals from the judgment entered following his plea of no contest to possessing cocaine for sale (Health & Saf. Code, § 11351) with admissions he suffered a prior felony conviction (Pen. Code, § 667, subd. (d)) and a prior felony conviction for which he served a separate prison term (Pen. Code, § 667.5, subd. (b)), and with an admission he committed the offense for the benefit of, at the direction of, and in association with, a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)). The court sentenced appellant to prison for 13 years. We modify the judgment and, as modified, affirm it with directions.

### FACTUAL SUMMARY

A detailed recitation of the facts of the present offense is unnecessary. Suffice it to say the record reflects appellant committed the present offense on April 15, 2008.

### ISSUES

Appellant claims (1) he is entitled to additional precommitment credit and (2) his restitution fine and parole revocation fine must be reduced.

### DISCUSSION

1. *Appellant Is Entitled to Additional Precommitment Credit.*

At the April 2, 2013 sentencing hearing, the court awarded appellant 1,478 days of precommitment credit, consisting of 1,232 days of custody credit and 246 days of conduct credit. Appellant claims he is entitled to 370 additional days of conduct credit. We agree.

There is no dispute appellant spent a total of 1,232 days in custody during the period from April 15, 2008, when police arrested him, through April 2, 2013, when the court sentenced him, inclusive.[1] Respondent concedes appellant's claim appears to be

---

[1] Although there are 1,814 days from April 15, 2008, through April 2, 2013, inclusive, appellant apparently served only 1,232 of those days in custody. As respondent observes, after the court awarded precommitment credit, the court asked if the prosecutor wished to be heard. The prosecutor asked appellant's trial counsel, ". . . I know [appellant] was out for a while[,] is that subtracted?" Appellant's trial counsel replied yes and the prosecutor indicated she had nothing further. The parties thus

2

correct. Appellant is entitled to a total of 616 days of conduct credit pursuant to Penal Code section 4019. (*People v. Bravo* (1990) 219 Cal.App.3d 729, 731; *People v. Smith* (1989) 211 Cal.App.3d 523, 527; Pen. Code, §§ 2900.5, subd. (a), 4019.)[2] We will modify the judgment, and we will direct the trial court to amend the abstract of judgment accordingly (cf. *People v. Humiston* (1993) 20 Cal.App.4th 460, 466, fn. 3).

2. *Appellant's Restitution Fine and Parole Revocation Fine Must Be Reduced.*

On April 2, 2013, the court, during the taking of appellant's plea, advised appellant concerning plea consequences. During the advisement, the court stated, inter alia, "There are certain mandatory fines and fees for all felons. There is a mandatory minimum $240 restitution fund payment." There is no dispute whenever the trial court referred to a "$240 restitution fund payment" during the proceedings, the court was referring to a $240 Penal Code section 1202.4, subdivision (b) restitution fine (restitution fine).[3] Appellant later entered the previously mentioned no contest plea and admissions.

During the April 2, 2013 sentencing hearing, the court stated, "$240 restitution fund payment. Additional $240 is stayed during the period of incarceration under 1202.45." There is no dispute the trial court, by the latter sentence, inter alia, imposed a Penal Code section 1202.45 parole revocation fine.

---

effectively stipulated, of the 1,814 days, appellant was not in custody 582 days but was in custody 1,232 days.

[2]     The record reflects the trial court relied on the credit award calculation of appellant's trial counsel but it is not clear why appellant's trial counsel calculated appellant's conduct credit as 246 days. Penal Code section 667, subdivision (c)(5) places a 20 percent limit on conduct credit, and 20 percent of 1,232 days is 246 days, but subdivision (c)(5) applies to postsentence, not presentence, credits. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 32.)

[3]     Penal Code section 1202.4, subdivision (e) states, "The [Penal Code section 1202.4, subdivision (b)] restitution fine . . . shall be deposited in the Restitution Fund . . . ."

Appellant claims his restitution fine and parole revocation fine each must be reduced from $240 to $200. We agree. Appellant's offense occurred in 2008. At that time, former Penal Code section 1202.4, subdivision (b)(1) stated, in relevant part, "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than *two hundred dollars* (*$200*), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony." (Italics added.)

At the time of the April 2, 2013 sentencing hearing, Penal Code section 1202.4, subdivision (b)(1) stated, in relevant part, "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than *two hundred forty dollars* (*$240*) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000)." (Italics added.)

The restitution fine statute applicable in this case was former Penal Code section 1202.4, subdivision (b)(1) as it read at the time of appellant's 2008 offense. (Cf. *People v. Martinez* (2005) 36 Cal.4th 384, 389 (*Martinez*); *People v. Kramis* (2012) 209 Cal.App.4th 346, 349, 351 (*Kramis*).)

The $240 restitution fine imposed by the trial court was within the statutorily permissible range of potential fines provided by former Penal Code section 1202.4, subdivision (b)(1) as it read at the time of appellant's offense. However, the record demonstrates the trial court not only imposed a $240 restitution fine but imposed that fine as a *mandatory minimum* restitution fine under former section 1202.4, subdivision (b)(1). Thus, the trial court, during the taking of the plea, stated, "There is a *mandatory minimum* $240 restitution fund payment." (Italics added.) Nonetheless, as respondent concedes, the mandatory minimum under former subdivision (b)(1) as it applied at the time of appellant's offense was $200. (Cf. *Martinez, supra*, 36 Cal.4th at p. 389; *Kramis, supra*,

4

209 Cal.App.4th at pp. 349, 351.) Imposition of the $240 mandatory minimum restitution fine was error.

It appears the trial court erroneously imposed the $240 mandatory minimum that became effective starting January 1, 2012, i.e., after appellant committed the present offense. This is a case in which the record demonstrates the trial court not merely imposed a $240 restitution fine (which would have been authorized), but imposed it intending it to be the *mandatory minimum* restitution fine (which was unauthorized).

An unauthorized sentence may be corrected at any time. (*People v. Huff* (1990) 223 Cal.App.3d 1100, 1106.) We will modify the judgment by reducing appellant's restitution fine to $200. We will also reduce the parole revocation fine to $200, since it must be equal to the restitution fine. (*People v. Smith* (2001) 24 Cal.4th 849, 853.)[4]

---

[4] Notwithstanding respondent's arguments to the contrary, this is not a case involving restitution. This case involves a restitution fine and a parole revocation fine. Nor is this a case in which the trial court imposed a $240 restitution fine in the exercise of the court's discretion, with the result appellant, by failing to object below to the imposition of the restitution fine and parole revocation fine, waived the issues of whether the trial court properly imposed them. The record reflects the trial court erroneously believed the $240 restitution fine was mandatory. Moreover, a parole revocation fine equal to the restitution fine was mandatory. There is no need to decide appellant's ex post facto claim; the $240 mandatory minimum restitution fine and resulting $240 parole revocation fine imposed by the trial court were not statutorily authorized.

### *DISPOSITION*

The judgment is modified by awarding appellant an additional 370 days of conduct credit pursuant to Penal Code section 4019, by reducing his Penal Code section 1202.4, subdivision (b) restitution fine from $240 to $200, and by reducing his Penal Code section 1202.45 parole revocation fine from $240 to $200 and, as modified, the judgment is affirmed. The trial court is directed to forward to the Department of Corrections an amended abstract of judgment reflecting the above modifications.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KITCHING, J.

We concur:


KLEIN, P. J.


ALDRICH, J.

6