Filed 12/17/15  P. v. Dandy CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JENNIFER NOEL DANDY,<br><br>  Defendant and Appellant. | B259775<br><br>(Los Angeles County<br>Super. Ct. No. BA409414) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Craig E. Veals, Judge.  Affirmed as modified.

Carey D. Gorden, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Deputy Attorney General, and Andrew S. Pruitt, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \*

Defendant Jennifer Noel Dandy (defendant) appeals the trial court's calculation of her presentence custody credits. We conclude that the court's calculations are not correct, and order that her total custody credits be reduced by eight days.

## FACTS AND PROCEDURAL BACKGROUND

On July 2, 2013, defendant entered a plea to a single count of possessing cocaine for sale (Health & Saf. Code, § 11351.5). The trial court imposed but suspended a four-year prison sentence and placed her on probation for five years. The court noted that defendant had four days of custody credit.

Just over a year later, on August 1, 2014, defendant was present in a hotel room with narcotics in plain view; she also possessed a purse containing $560 in various denominations of cash and the keys to a car containing additional narcotics. Police arrested her that day, and her bail was set at $30,000.

Six days later, on August 7, 2014, the trial court summarily revoked her probation on the 2013 case and issued a no bail bench warrant.

The People opted to proceed against defendant for this 2014 conduct as a violation of her probation in the 2013 case rather than as a separate prosecution. On October 1, 2014, the trial court held an evidentiary hearing on the probation violation, and found defendant in violation.

The trial court imposed the previously suspended four-year prison term. The court awarded defendant 124 days of custody credit—62 days of actual credit (from August 1, 2014 through October 1, 2014), and 62 days of good time/work time credit. Although the People informed the court that defendant had four days of unused custody credit from the time of her initial sentencing, the court did not award those credits. The abstract of judgment is consistent with the court's oral pronouncement of judgment.

Defendant timely appeals.

## DISCUSSION

Defendant phrases her sole argument on appeal as a challenge to the trial court's "fail[ure] to correct the abstract of judgment to show the correct amount of presentence custody credits." But the abstract of judgment *matches* the court's oral pronouncement of

2

sentence. Consequently, defendant is challenging the court's calculation of custody credits.

## I.      Jurisdiction

Where, as here, the "sole issue on appeal" is the alleged "error in the calculation of presentence custody credits," the appeal is proper only if (1) the defendant "first present[ed] the claim in the trial court at the time of sentencing," or (2) "the defendant [made] a motion for correction of the record in the trial court" when "the error [was] not discovered until after sentencing." (Pen. Code, § 1237.1[1]; *People v. Acosta* (1996) 48 Cal.App.4th 411, 415 (*Acosta*).) In this case, although it was the People and not defendant who presented defendant's entitlement to four days of custody credit from the initial imposition of her sentence in 2013, it is undisputed that the issue was presented to the trial court. We consequently have jurisdiction to entertain this appeal.

## II.     Merits

As a general matter, a criminal defendant is entitled to credit for "all days" that she spends in presentence custody. (§ 2900.5, subd. (a).) However, this presentence "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (§ 2900.5, subd. (b).) We independently consider the meaning of these statutes as well as the application of these statutes to undisputed facts. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432; *Pasadena Police Officers Assn. v. Superior Court* (2015) 240 Cal.App.4th 268, 284.) A defendant bears the burden of showing her entitlement to custody credits. (E.g., *People v. Jacobs* (2013) 220 Cal.App.4th 67, 81.)

### A.      *Entitlement to credits from initial imposition of probation*

Defendant argues that the trial court erred in not giving her presentence custody credit for the four days of custody credit she earned prior to being placed on probation in 2013. As the People concede, defendant is entitled to this credit. (E.g., *People v. Huff*

---

[1]      Unless otherwise indicated, all further statutory references are to the Penal Code.

(1990) 223 Cal.App.3d 1100, 1106 (*Huff*) [upon revocation of probation, awarding custody credit for time served prior to imposition of probationary sentence].)

**B.** **Entitlement to credits between time of arrest and when the court summarily revoked probation**

The People contend that the trial court erred in giving defendant actual custody credit for the six days between her arrest on August 1, 2014 and the court's summary revocation of her probation on August 7, 2014; thus, the People reason, defendant is entitled to 12 fewer days of custody credit (six fewer actual days, and six fewer good time/work time credits under section 2933, subdivision (b).) The People may raise this issue, even though defendant appealed, because we are "empowered to correct these errors whenever either side requests such relief." (*People v. Duran* (1998) 67 Cal.App.4th 267, 269-270.)

The People's argument is well taken. The identical scenario arose in both *Huff*, *supra*, 223 Cal.App.3d 1100, and *People v. Pruitt* (2008) 161 Cal.App.4th 637 (*Pruitt*). "[I]n both cases the probationers were arrested on new charges, held in custody solely on those charges for a period prior to summary revocation of their probation and ultimately sentenced on the underlying convictions not the new charges, albeit for engaging in the conduct that led to the filing of the new charges." (*Pruitt*, at p. 643.) In both cases, the appellate courts upheld the trial court's refusal to award custody credit for the time spent in custody *after* arrest but *before* summary revocation of probation. (*Huff*, at pp. 1105-1106; *Pruitt*, at pp. 630-645.) In both cases, the time the defendant spent in custody prior to summary revocation of his probation was not "attributable to proceedings related to the same conduct for which the defendant *has been* convicted" because the defendant was never convicted on the new charges, and thus fell within limitation on custody credits set forth in section 2900.5, subdivision (b). (§ 2900.5, subd. (b), italics added.) The same is true here.

Defendant offers three arguments against this result. First, she argues that this result cannot be squared with our Supreme Court's decision in *In re Marquez* (2003) 30 Cal.4th 14 (*Marquez*). To begin, the court in *Pruitt* considered and rejected the same

4

argument. (*Pruitt*, *supra*, 161 Cal.App.4th at p. 639.) We also do not perceive any conflict. The issue in *Marquez* was whether a defendant who was in the physical custody of one county but under a "hold" in a second county was entitled to custody credit in the second county after his conviction in the first county was overturned on appeal; the court concluded he was. (*Marquez*, at p. 20; accord, *People v. Lathrop* (1993) 13 Cal.App.4th 1401, 1404-1406 [defendant entitled to custody credit against sentence imposed in one county for time spent in custody of another county where the first county had placed a hold on him]; *People v. Gonzalez* (2006) 138 Cal.App.4th 246, 254 (*Gonzalez*) [where probation had been summarily revoked, defendant entitled to custody credit against the sentence imposed for a probation violation for the time spent in custody after arrest for a different case].) The court in *Marquez* was careful to note that the defendant would not have been entitled to custody credit in the second county "had [that county] never placed a hold" on him, and distinguished *Huff* on that ground. (*Marquez*, at pp. 20-21, 24.) In other words, *Marquez* specifically preserved *Huff*'s rule on the scenario presented in *Huff* and in this case.

Second, defendant argues *Pruitt*, *supra*, 161 Cal.App.4th 637 is wrongly decided because it relies on our Supreme Court's inapplicable decision in *People v. Bruner* (1995) 9 Cal.4th 1178 (*Bruner*). We agree that *Bruner* is inapplicable to the scenario presented in this case because *Bruner* examined the circumstances under which a criminal defendant is entitled to have the same custody credits applied against two different sentences. (*Id.* at pp. 1180-1181; accord, *Marquez*, *supra*, 30 Cal.4th at p. 23 [distinguishing *Bruner* on this basis]; *Gonzalez*, *supra*, 138 Cal.App.4th at p. 254 [same].) But *Pruitt*, while discussing *Bruner*, did not rely on its rule or its rationale. (*Pruitt*, at pp. 641-645.)

Lastly, defendant asserts that unless she is credited those six days for the probation violation, they will not be credited against *any* sentence and will become "dead time." Although such "dead time" is not preferred, our Supreme Court has acknowledged that "[s]ometimes [it] is unavoidable." (*Marquez*, *supra*, 30 Cal.4th at p. 20.) Section 2900.5, subdivision (b) made it unavoidable in *Huff* and *Pruitt*, and does so in this case as well.

5

Defendant relatedly argues that this outcome violates equal protection.   We disagree. "Dead time" is not inherently unconstitutional.  A person who is arrested on criminal charges that are later dismissed will suffer "dead time."  That "dead time" does not somehow become unconstitutional just because it happens to be followed by custodial time for which that person *does* receive custody credit by virtue of a subsequent revocation of probation.

## DISPOSITION

We order that the trial court grant defendant an additional four days of custody credit earned prior to her placement on probation, but that the court subtract a total of twelve days—six days of actual custody credit and six days of good time/work time credit—for the time between August 1, 2014 and August 7, 2014.  The clerk of the superior court is directed to modify the abstract of judgment to reflect these changes in custody credit, and forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
HOFFSTADT

We concur:

_____, P.J.
BOREN

_____, J.
ASHMANN-GERST

6