Filed 7/18/23  P. v. Oliver CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# SECOND APPELLATE DISTRICT

# DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B322892 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA070163) |
| v. | |
| ANTHONY WAYNE OLIVER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

**MEMORANDUM OPINION**[1]

**I**

Defendant and appellant Anthony Wayne Oliver, also known as Lawrence Edward Haines, seeks review of the trial court's order denying his motion for additional presentence custody credit relating to a 1983 conviction for felon-in-possession of a firearm, a 1984 conviction for two counts of robbery, and a 1984 conviction for murder in the first degree. The record on appeal is limited. It includes Oliver's May 17, 2022, motion for an award of additional presentence credit, which attached as exhibits three abstracts of judgment and a document entitled "Report–Indeterminate Sentence, Other Sentence Choice." Other than the notice of appeal, the only other document included is the trial court's minute order denying Oliver's motion. Because Oliver fails to affirmatively demonstrate any error, we affirm.

**A.     1983 Robbery Conviction**

Oliver states he was arrested for robbery on February 19, 1983. On July 28, 1983, in case No. A625206, a jury convicted Oliver of a robbery (Pen. Code,[2] § 211) committed in 1983. On August 25, 1983, the trial court sentenced Oliver to five years in state prison. The trial court credited Oliver with a total of 279 days in custody, comprised of 186 days of actual local time and 93

---

[1] We resolve this case by memorandum opinion because it "is determined by a controlling statute which is not challenged for unconstitutionality and does not present any substantial question of interpretation or application." (Cal. Stds. Jud. Amin., § 8.1(1).)

[2] Unless otherwise specified, subsequent statutory references are to the Penal Code.

days of conduct credits.  The abstract of judgment indicates the trial court remanded Oliver to the sheriff's custody "forthwith" to be delivered to the state prison in Chino, California.  Oliver does not contend the sentencing court erred in its calculation of credits for this matter.

## B.     1983 Felon-in-possession Conviction

At some unknown date or dates after Oliver's February 19, 1983 arrest, Oliver was charged with additional crimes.  On October 27, 1983, in case No. A455650, a jury found Oliver guilty of possession of a concealable firearm by one previously convicted of a felony (fmr. § 12021).  The abstract of judgment indicates Oliver committed the crime in 1982.  On November 23, 1983, the trial court sentenced Oliver to three years in state prison, to be served concurrently "with any prior uncompleted sentence(s)." The trial court credited Oliver with a total of 405 days in custody, comprised of 270 days of actual local time and 135 days of conduct credits.  Oliver contends he is owed an additional 7 days of actual local time and 1 day of conduct credit, for a total of 8 days custody credits.

## C.     1984 Robbery Convictions

On March 1, 1984, in case No. A388286, a jury convicted Oliver of two counts of robbery committed in 1983.  On April 23, 1984, the trial court sentenced Oliver to a total of 12 years, which included two years for personal use of a firearm under section 12022.5 and five years for prior felony convictions under section 667.6, subdivision (a).  Oliver contends this sentence was to run consecutively to his prior terms.  The trial court credited Oliver with 270 days of custody credits, comprised of 180 days of actual local time and 90 days of conduct credits.  Oliver argues he is

owed an additional 373 days of custody credit, including 249 days of actual local time and 124 days of conduct credits.

## D.     1984 Murder Conviction

On July 31, 1984, in case No. A625895, a jury convicted Oliver of first degree murder (§ 187), committed in 1982. According to a "Report–Indeterminate Sentence, Other Sentence Choice" form, on October 25, 1984, the trial court sentenced Oliver to state prison for an indeterminate prison term of "life, or a term such as 15 or 25 years to life, with the possibility of parole."  The form did not include any spaces within which the trial court could indicate custody credits, and Oliver contends he was not awarded any.  He argues he is owed 612 days of actual local time custody credit and 1 leap year day credit for a total of 613 days of custody credits.

## E.     Procedural Background Relating to Defendant's Motion and Appeal

On May 17, 2022, Oliver filed a motion for additional presentencing credits and for resentencing pursuant to sections 654 and 667.  On June 29, 2022, the trial court issued a minute order denying Oliver's motion.  Oliver filed a timely notice of appeal.

We appointed counsel to represent Oliver on appeal. Oliver's attorney filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  In *Delgadillo*, the Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit.  In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing

4

on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231-232.)  If the defendant does not file a supplemental brief, we "may dismiss the appeal as abandoned." (*Id.* at p. 232.)  In that instance, we do "not need to write an opinion but should notify the defendant when [we] dismiss[ ] the matter." (*Ibid.*)  Because a defendant who has been denied postconviction relief has no constitutional right to an appeal, we are not required to conduct an independent review of the record before dismissing the appeal, but we may conduct such a review at our discretion.  (*Id.* at pp. 227-228, 232.)

If the defendant does file a supplemental brief or letter, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion.  The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

We followed the procedure outlined above and, on April 23, 2023, sent Oliver notice to advise him of the no-merits brief and informing him that he had 30 days to file a supplemental brief.  We received Oliver's supplemental brief with a proof of service indicating it was placed in the mail on May 15, 2023.[3]  We

---

[3] On May 24, 2023, after not receiving a supplemental brief from Oliver, this court dismissed his appeal.  Oliver requested this court rescind its dismissal on the basis that he placed his supplemental brief in the prison mail on May 15, 2023, prior to the expiration of the 30-day period.  On May 30, 2023, good

evaluate the arguments presented in Oliver's supplemental brief. As the record before us relates only to the issues presented in the supplemental brief, we decline to review it to identify any unraised issues.

## II

Under section 2900.5, a sentencing court is to provide sentencing credits to a defendant for time spent in custody prior to the commencement of the defendant's sentence. (*Id.*, subd. (a); see also fmr. § 2900.5, subd. (a) (1980).) Such credits include actual days in custody plus conduct credits under section 4019.[4] (§§ 2900.5, subd. (a), 4019, subds. (a)(1), (b).)

Under section 2900.5, subdivision (b), however, "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." (§ 2900.5, subd. (b); see fmr. § 2900.5, subd. (b) (1980).)

---

causing appearing, this court granted Oliver's request and vacated its dismissal order.

[4] For defendants sentenced prior to January 25, 2010, section 4019 conduct credits were calculated by dividing the defendant's actual time in custody by 4 (discarding any fraction or remainder) and then multiplying the resulting number by 2. (See *In re Marquez* (2003) 30 Cal.4th 14, 26; Couzens, et al., Sentencing California Crimes (2022) Calculation of credits, § 15:6.) Beginning in 1996, section 2933.2 prohibited persons convicted of murder from accruing conduct credits under section 4019. (See § 2933.2, subd. (c).)

Thus, "a defendant is not to be given credit for time spent in custody if during the same period he is already serving a term of incarceration" for a prior, unrelated offense. (*In re Rojas* (1979) 23 Cal.3d 152, 154, 155-156.) "Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty." (*Id.* at p. 156; see *People v. Bruner* (1995) 9 Cal.4th 1178, 1180 [describing *In re Rojas* as requiring " 'strict causation' "]; *In re Hodges* (1979) 89 Cal.App.3d 221, 226, fn. omitted [a defendant "would be entitled to presentence custody credit *if* but only if the conduct for which he is ultimately convicted was the cause of that confinement"].) After *In re Rojas*, our Supreme Court has repeatedly reaffirmed a defendant must demonstrate causation: "a defendant cannot obtain credit for confinement prior to his sentence if he cannot prove the conduct which led to the sentence was a dispositive, or 'but for,' cause of the presentence custody." (*People v. Bruner*, *supra*, at p. 1180; see *In re Joyner* (1989) 48 Cal.3d 487, 489 ["[A] period of time previously credited against a sentence for unrelated offenses cannot be deemed 'attributable to proceedings' resulting in a later-imposed sentence unless it is demonstrated that the claimant would have been at liberty during the period were it not for a restraint relating to the proceedings resulting in the later sentence. In other words, duplicative credits against separately imposed concurrent sentences for unrelated offenses will be granted only on a showing of strict causation"].)

"[W]e presume the trial court's judgment is correct, and we look to the record to determine whether a defendant has met his or her burden of affirmatively demonstrating error." (*People v. Davis* (2023) 87 Cal.App.5th 771, 779.) "The burden of establishing the strict causation, 'but for' test of [*In re*] *Joyner* is

with the appellant who claims credit for time in custody on other charges." (*People v. Huff* (1990) 223 Cal.App.3d 1100, 1105.)

Relying on his initial arrest date of February 19, 1983, and his sentencing date in each case, Oliver contends he is entitled to additional presentence credits in cases numbered A455650, A388286, and A625895.[5] However, as the holdings of *In re Rojas*, *In re Joyner*, and *People v. Bruner* demonstrate, a defendant's entitlement to credits in multiple case situations is not as simple as determining the number of days between arrest and sentencing. (See *People v. Huff, supra*, 223 Cal.App.3d at p. 1104 ["The issue of what custody is 'attributable to proceedings related to the same conduct' as that for which a defendant is to be sentenced has provoked a considerable quantity of appellate literature, much of it conflicting"]; *People v. Adrian* (1987) 191 Cal.App.3d 868, 874-875 ["Probably the only sure consensus among the appellate courts is a recognition that section 2900.5, subdivision (b), is 'difficult to interpret and apply' "].)

By the time the trial court sentenced Oliver in any of the three cases for which he claims he is due credits, he was at least 12 weeks and at most 61 weeks into serving his five-year sentence in state prison for his 1983 conviction for robbery in case No. A625206. Thus, ordinarily, Oliver would not be entitled to any credits for subsequent, unrelated convictions and sentences. (See *In re Rojas, supra*, 23 Cal.3d at pp. 155-156.) Here, Oliver has not presented any argument or evidence to

---

[5] Oliver also argues that if we reverse the trial court's order, he is entitled to resentencing and the benefit of recently passed laws, including the California Racial Justice Act of 2020 (Stats. 2020, ch. 317, § 1). Because we affirm, we do not address these arguments.

8

warrant departure from this principle with respect to his conviction and sentence for murder. For example, he does not demonstrate that any portion of his confinement between his arrest on February 19, 1983, and the commencement of his first sentence on August 25, 1983, was attributable to the murder charge or that but for the murder charge, he would have been released from custody prior to his sentencing thereupon. Thus, we cannot conclude that the trial court erred in not awarding Oliver any credits for his murder conviction.

Turning to the second (A455650, 1983 felon-in-possession conviction) and third (A388286, 1984 robbery convictions) cases, the only evidence in the record that suggests that Oliver was entitled to *any* presentence credits for those matters—notwithstanding that he was already serving a sentence for his first conviction (see *In re Rojas, supra,* 23 Cal.3d at pp. 154, 155-156)—is that the trial court awarded such credits. Without any evidence in the record demonstrating error, we must presume the trial court was correct in doing so, and in not making any further award, given the separate charges and convictions.

## DISPOSITION

The trial court's order denying Oliver's motion for additional presentencing credits is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

CHANEY, J.

BENDIX, Acting P.J.